Jones, J.
 

 The city instituted suit against the defendant to recover the sum of $1,074.81 “for advertising charges in excess of the legal rate provided by statute.” Section 6251, General Code, provides:
 

 
 *363
 
 “Publishers of newspapers may. charge and receive for the publication of advertisements # * * the following sums, except where the rate is otherwise fixed by law, to wit: For the first insertion one dollar for each square, and for each additional insertion authorized by law or the person ordering the insertion, fifty cents for each square.”
 

 The defense rests upon an oral agreement made with the city officers and council whereby a flat rate of $1 per square inch was agreed upon by the parties and paid by the city. The above-quoted section constituted a limitation upon the parties. Under it publishers were not entitled to receive more than the sums stipulated in that statute, nor were the city authorities permitted to contract for or pay more. Any oral agreement entered into between the parties in contravention of that section was therefore illegal. The oral agreement was clearly an evasion of the law. This phase of the case is clearly governed by the first clause of the syllabus in the case of
 
 Vindicator Printing Co.
 
 v.
 
 State of Ohio,
 
 68 Ohio St. 362, 67 N. E. 733, as follows:
 

 “Where the number of publications of a sheriff’s election proclamation, or other public notice, is fixed by statute, there is no authority in the board of county commissioners, or other county officer, to contract for publications in excess of the number directed by statute.”
 

 However, the chief contention of the defendant in error is based upon its defense that by reason of the advanced cost of paper and labor it could not print the legal advertising at the statutory rate
 
 *364
 
 ¡without loss; that the parties mutually entered into an oral contract - to pay a rate in excess of the legal rate; and that the contract was entered into without fraud or collusion and was fully performed by the defendant and the moneys paid to it under the agreement. In affirming the trial court, the Court of Appeals sustained the sufficiency of this defense, relying upon the case of
 
 State ex rel. Hunt
 
 v.
 
 Fronizer,
 
 77 Ohio St. 7, 82 N. E. 518. The present case can be distinguished from that case. The parties to this contract were presumed to know the law, which prevented them from agreeing upon a rate for legal advertising in excess of the maximum rate provided by statute. Here the publisher is not denied compensation for the service performed, but is permitted to retain the maximum legal rate that the statute allows. The city’s petition seeks to recover only the amount charged and paid for advertising in excess of the legal rate provided by statute. In this aspect the case is distinguishable from the
 
 Froniser case,
 
 and is controlled by the principle indicated in
 
 Vindicator Printing Co.
 
 v.
 
 State, supra.
 

 'Section 286, General Code, relating to the inspection and supervision of public offices, provides that, if the report sets forth-that any public money has been illegally expended, a civil action may be instituted for its recovery. This is sufficient authority for the institution of the action, but it is claimed that the city is barred from bringing the action, since it was not brought within 90 days after the filing of the report with the law department, as provided' in above section. This question was raised, not only by demurrer to the
 
 *365
 
 petition, but also by a separate defense contained in tbe answer. Tbe pleadings show that the report was filed on January 1, 1923, and that this action was instituted June 11 of the same year, being more than 90 days after the filing of the report. The section referred to requires a certified copy of the report to be filed with the city solicitor, if it relates to the expenditure of public money belonging to the city treasury. Section 286-3, General Code, provides that:
 

 “No cause of action * * * shall be deemed to have accrued until such report is filed with the officer or legal counsel whose duty it is to institute civil actions for the enforcement thereof, and 'all statutes of limitations otherwise applicable théreto shall not begin to run until the date of such filing.”
 

 That section does not provide a time limitation within which the action must be brought. If such limitation exists, it must be found in Section 286, General Code, the pertinent provisions whereof are that:
 

 “The officer receiving such certified copy of such report
 
 *
 
 * * may, within ninety days after the receipt of such certified copy of such report, institute or cause to be instituted, and each of said officers is hereby authorized and required so to do, civil actions in the proper court
 
 * * *
 
 for the recovery” of public moneys.
 

 This statute does not fix a time limitation within which suit must be brought. It simply imposes a legal and directory duty upon the officer requiring brm to institute an action within the period of 90 days. This section does not forestall, nor was it
 
 *366
 
 intended to, the right of the political subdivision to bring an action after the time, provided such action is brought within the limitation named by other sections of the Code. This is clearly apparent from the succeeding provisions óf the same section, whereby the attorney general, if requested by the auditor of state, may “bring the action in all cases where the prosecuting attorney, city solicitor or mayor fails or neglects to do so within ninety days after a report of an examination has been so filed.”
 

 Our conclusion is that the city was not barred from bringing this action because of any limitation found in Section 286. The judgment of the lower courts are reversed, and the cause remanded to the trial court for further proceedings in accordance with this opinion.
 

 Judgment reversed.
 

 Marshall, C. J., Robinson, Matthias, Day and Allen, JJ., concur.
 

 Wanamaker, J., not participating.