KEMP ET AL., APPELLANTS, *v.* LYNCH, APPELLEE.
KEMP ET AL., APPELLANTS, *v.* PINNEY, APPELLEE.
KEMP ET AL., APPELLANTS, *v.* WRIGHT, APPELLEE.

(Nos. 668, 669 and 670—Decided May 3, 1949.)

*Mr. Richard H. LeFevre,* for appellants.
*Mr. Jesse K. Brumbaugh,* for appellees.

MILLER, P. J. These three appeals present the same

legal question and will, therefore, be considered together. The actions were brought by the plaintiffs as taxpayers of the village of Union City, Ohio, on behalf of such municipal corporation and all taxpayers. They seek to recover on behalf of the village certain sums of money alleged to have been paid to the defendants for purchases made by the village from defendants while they were acting as village officials, in violation of Section 3808, General Code. The petitions set forth the dates of the alleged violations, all of which occurred more than six years prior to the commencement of the actions.

They allege further that the Bureau of Inspection and Supervision of Public Offices made findings in favor of the village of Union City against the defendants in the various amounts set forth and that the same remain unpaid.

Demurrers were filed to the petitions setting forth two grounds:

(1) That the actions were not brought within the time limited for such action.

(2) That the petitions do not state facts which show a cause of action.

The plaintiffs, appellants herein, urge that the statute of limitations is not applicable to these cases, and further, if the same were applicable, the statute would not begin to run until the filing of the reports of the bureau with the village as provided by Section 286-3, General Code. The trial court found that the subjects of the actions were amenable to the statute of limitations; that the actions were not timely brought; and that the petitions do not come under the provisions of Section 286-3, General Code, and companion sections. The demurrers were sustained and the actions dismissed. We are of the opinion that the court properly held the actions were subject to the limitation set forth

in Section 11222, General Code, but was in error in holding that the six-year limitation period had expired prior to the commencement of the actions. *Lessee of City of Cincinnati* v. *First Presbyterian Church,* 8 Ohio, 298, 32 Am. Dec., 718; *Hartman* v. *Hunter, Treas.,* 56 Ohio St., 175, 46 N. E., 577; *Mount* v. *Lakeman, Clerk,* 21 Ohio St., 643; *State, ex rel. Campbell,* v. *Ballard,* 8 Ohio App., 44, 30 C. C. (N. S.), 353. The ruling of the court would be proper were it not for the fact that Section 286-3, General Code, sets forth when the statutory period of limitation begins to run, which clearly indicates that it was to be applicable in cases of this kind. The section provides:

"No cause of action on any matter set forth in any report made under authority and direction of section 286, General Code, shall be deemed to have accrued until such report is filed with the officer or legal counsel whose duty it is to institute civil actions for the enforcement thereof, and all statutes of limitations otherwise applicable thereto shall not begin to run until the date of such filing."

Counsel for the defendants urges that the petitions do not allege that the reports of the bureau were ever filed with the proper village officials; therefore the causes of action have not accrued under the statute. The petitions did allege, however, that a finding was made by the bureau against each of the defendants in the amount sought and that the same remains unpaid. Section 286-1, General Code, sets forth what the petition shall contain:

"* * * In any such action it shall be sufficient for the plaintiff to allege in the petition so much of the report of the bureau of inspection and supervision of public offices as relates to the claim against the defendant therein and that the amounts claimed against the defendant are unpaid, and it shall not be necessary

in such petition separately to state and number any separate causes of action, the findings of such report, upon whatever claims or circumstances based, being considered for that purpose as constituting a single cause of action; nor shall the plaintiff be required to set forth in the petition any other or further matter relating to such claims. A certified copy of any portion thereof shall constitute prima facie evidence of the truth of the allegations of the petition."

We are of the opinion the petitions comply fully with the statutory requirement. The filing of the report with certain municipal officials is mandatory under Section 286, General Code, and the presumption must prevail that the bureau's inspectors performed their legal duty, until such presumption is overcome by the evidence. The matter of the filing of the report and the date of the same becomes a matter of defense.

The judgments are reversed and the causes are remanded with instructions that the demurrers be overruled.

*Judgments reversed.*

HORNBECK and WISEMAN, JJ., concur.