PORTAGE LAKES JOINT VOCATIONAL SCHOOL DISTRICT BOARD, APPELLANT, *v.* BOWMAN ET AL., APPELLEES.

(No. 11263—Decided March 1, 1984.)

*Mr. Lynn C. Slaby,* prosecuting attorney, for appellant.

*Mr. John Campbell,* for appellee Denise Bowman.

*Mr. Ronald Lee,* for appellee Robert Beeler.

*Mr. Marvin Shapiro,* for appellee Judith March.

*Mr. William J. Kahelin,* for appellee Ohio Farmers Ins. Co.

QUILLIN, P.J. This is an appeal from an order of the trial court dismissing a complaint against several individuals and their surety alleging a failure to account for public funds. The

trial court ruled that the action was not brought timely. We reverse.

The complaint, which was filed on February 3, 1983, alleges that there is due and owing to the plaintiff, Portage Lakes Joint Vocational School District Board (board), specific sums of money. The complaint further alleges that on October 26, 1981, the Bureau of Inspection and Supervision of Public Offices filed with the Prosecuting Attorney of Summit County a certified copy of a special investigation report of examination of the Portage Lakes Joint Vocational District. The complaint further alleges that the bureau made a finding of recovery against the various individuals in varying amounts for unaccounted public funds. The complaint concludes with a prayer of money judgment.

The complaint, which named the board as plaintiff, is signed by the prosecuting attorney.

The trial court dismissed the complaint holding that such an action must be brought within ninety days from the filing of the report with the prosecuting attorney.

The trial court's ruling is erroneous for several reasons.

## I

The law is established that an action brought pursuant to R.C. 117.10 may be brought within six years from the date of the filing of the report with the prosecuting attorney. R.C. 117.13. *Cleveland* v. *Legal News Publishing Co.* (1924), 110 Ohio St. 360. In *Kemp* v. *Lynch* (1949), 86 Ohio App. 371 [41 O.O. 446], taxpayers brought an action under R.C. 117.10 (then G.C. 286) more than six years after the alleged violations but within six years of the filing of the report. The court held the action was timely brought.

We believe it clear that the present action by the board is not barred by any statute and has been timely commenced.

## II

The defendants argue that the present action is not by the board but by the prosecuting attorney. That is simply not the state of the record. The named plaintiff is the board, not the prosecuting attorney. For a comparison, see *County of Summit, ex rel. Mohler,* v. *Yacobucci* (1975), 41 Ohio St. 2d 110 [70 O.O.2d 200], where the caption of the complaint reads: *County of Summit, Ohio, ex rel. Robert E. Mohler, [Prosecuting Attorney], Plaintiff,* v. *Frank P. Yacobucci, Clerk of Courts of Summit County, et al., Defendants.*

## III

Although the above-stated reasons were sufficient to overrule the motions to dismiss, the trial court became needlessly enmeshed in the eternal "may" to "shall" problem of statutory construction. See *Dorrian* v. *Scioto Conserv. Dist.* (1971), 27 Ohio St. 2d 102 [56 O.O.2d 58].

Prior to the recodification in 1953, G.C. 286 provided in part:

"If the report sets forth that any public money has been illegally expended, or that any public money collected has not been accounted for, or that any public money due has not been collected, or that any public property has been converted or misappropriated, the officer receiving such certified copy of such report, other than the auditing department of the taxing district, *may,* within ninety days after the receipt of such certified copy of such report, institute or cause to be instituted, *and each of said officers is hereby authorized and required so to do,* civil actions in the proper court in the name of the political subdivision or taxing district to which such public money is due or such public property belongs, for the recovery of the same and shall prosecute, or cause to be prosecuted the same to final determination. Any mayor of a village is hereby authorized and required to employ legal

counsel for such purpose, who shall be paid out of the treasury of the village on voucher approved by the mayor and on warrant of the village clerk, and the amount of such compensation shall constitute a charge against said village notwithstanding the failure of the council thereof to appropriate money or levy funds therefor.

"Each prosecuting attorney, city solicitor, or legal counsel employed by a mayor of a village shall forthwith notify the attorney general of the filing of such actions and keep him fully advised of the progress thereof; and the attorney general or his assistant may appear in any such action on behalf of the particular political subdivision or taxing district and may, either in conjunction with or independent of such prosecuting attorney, city solicitor or legal counsel employed by a mayor, prosecute the same to final determination; and the attorney general may, when in his judgment it is proper or there is good reason for so doing, if requested so to do by the auditor of state, bring the action in all cases where the prosecuting attorney, city solicitor or mayor fails or neglects to do so within ninety days after a report of an examination has been filed." (Emphasis added.)

In construing this section, the Supreme Court said in *Cleveland* v. *Legal News Publishing Co., supra,* at 365-366:

"This statute does not fix a time limitation within which suit must be brought. It simply imposes a legal and directory duty upon the officer requiring him to institute an action within the period of 90 days. This section does not forestall, nor was it intended to, the right of the political subdivision to bring an action after the time, provided such action is brought within the limitation named by other sections of the Code. This is clearly apparent from the succeeding provisions of the same section, whereby the attorney general, if re-

quested by the auditor of state, may 'bring the action in all cases where the prosecuting attorney, city solicitor or mayor fails or neglects to do so within ninety days after a report of an examination has been so filed.' " ·

When the General Code was recodified in 1953, G.C. 286 became R.C. 117.10. Among the many changes in form was the substitution of the word "shall" for "may." The statute now reads in part:

"If a report sets forth that any public money has been illegally expended, or that any public money collected has not been accounted for, or that any public money due has not been collected, or that any public property has been converted or misappropriated, the attorney general, prosecuting attorney, city director of law, or mayor of a village, as provided in this section, receiving the certified copy of the report *shall* within ninety days after the receipt of the certified copy of such report, institute civil actions in the proper court in the name of the public office to which the public money is due or the public property belongs for the recovery of the money or property and shall prosecute such actions to final determination. Any mayor or legislative authority of a village, as appropriate under the circumstances, shall employ legal counsel for such purpose, who shall be paid out of the treasury of the village on voucher approved by the mayor or the legislative authority, as appropriate under the circumstances, and on warrant of the village clerk, and the amount of the compensation constitutes a charge against said village notwithstanding the failure of the legislative authority thereof to appropriate money or levy funds therefor." (Emphasis added.)

At the same time the General Assembly provided in R.C. 1.24 (since repealed):

"That in enacting this act it is the intent of the General Assembly not to

change the law as heretofore expressed by the section or sections of the General Code in effect on the date of enactment of this act. The provisions of the Revised Code relating to the corresponding section or sections of the General Code shall be construed as restatements of and substituted in a continuing way for applicable existing statutory provisions, and not as new enactments."

Whether the change from "may" to "shall" restricts the power of the prosecuting attorney to independently bring an action after ninety days or merely mandates that he has a duty to do so within ninety days is not pertinent to the present case because the complaining party is the board, not the prosecuting attorney.

We do note, however, that the Supreme Court has told us:

"* * * The statute is a most efficient policeman in safeguarding public property and public funds.

"* * *

"* * * This is a remedial statute, that is, it furnishes a remedy, and remedial statutes are to be liberally construed in order to effect their manifest purpose.

"What is the paramount purpose of these statutes? It is to protect and safeguard public property and public moneys. * * *." *State, ex rel. Smith,* v. *Maharry* (1918), 97 Ohio St. 272, 276.

We fail to see how prohibiting a prosecuting attorney from independently bringing an action more than ninety days after receipt of the report furthers the safeguard of public property and public money.

The judgment of the trial court is reversed and the cause remanded.

*Judgment reversed and cause remanded.*

MAHONEY and BAIRD, JJ., concur.