### State v. Walton
*[Cite as 4 AOA 536]*

*Case No. CA89-09-132*
*Butler County, (12th)*
*Decided June 11, 1990*

*John F. Holcomb, Butler County Prosecutor, Daniel G. Eichel, 216 Society Bank Building, Hamilton, Ohio 45012-0515, for Plaintiff-Appellant.*

*Baden, Jones, & Scheper, James H. Scheper, 222 High Street, Suite 300, Hamilton, Ohio 45011, for Defendant-Appellee/Cross-Appellee.*

*Holbrock & Jonson, Timothy R. Evans, 315 South Monument Avenue, Hamilton, Ohio 45011, for Defendant-Appellee/Cross-Appellant.*

*Bressler, Shanks & Gedling, Michael D. Shanks, 304 North Second Street, Hamilton, Ohio 45011, for Defendant-Appellee.*

YOUNG, J.

On September 23, 1987, the state auditor filed a certified audit report with the Butler County Prosecutor, plaintiff-appellant, John F. Holcomb, indicating that the Butler County Sheriff's Department had illegally expended public money by making an unauthorized severance payment of $5,000 to defendant-appellee/cross-appellant, Judith A. Patrick, a former sheriff's department secretary who was terminated effective August 16, 1985.

On September 12, 1988, Holcomb sought to recover the alleged illegally expended funds by instituting an action in the name of Butler County pursuant to R.C. 117.28 against then sheriff, defendant-appellee/cross-appellee, Robert A. Walton; the county auditor, defendant-appellee, James A. Tilton; and Patrick. Walton answered and asserted that the $5,000 expenditure was not severance pay as alleged by the state auditor, but back pay pursuant to an agreement with Patrick in settlement of a claim she had filed with the state personnel board of review concerning her termination. Patrick thereafter filed a cross-claim against Walton alleging breach of the non-disclosure terms of the settlement agreement.

On January 18, 1989, Walton filed a motion for summary judgment, which Patrick subsequently joined, on the R.C. 117.28 claim brought by Holcomb. The trial court found no genuine issue of fact, granted the motions and dismissed the case. Holcomb then appealed, arguing a single assignment of error that summary judgment was inappropriate. Patrick filed a cross-appeal asserting that the trial court erred in dismissing her cross-claim. For the reasons set forth below, we sustain both the appeal and cross-appeal.

I.

Summary judgment is appropriate under Civ. R. 56(C) only if (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Van Fossen* v. *Babcock & Wilcox* (1988), 36 Ohio St. 3d 100, 117.

In support of his motion for summary judgment, Walton argued that there were no issues of material fact regarding the nature or legality of the $5,000 payment. Attached to the motion were the affidavits of Timothy R. Evans, Patrick's attorney, and Randolph H. Freking, the attorney who represented the sheriff's department in regard to Patrick's board of review claim. Both affidavits indicated that an agreement was reached whereby Patrick would be reinstated and paid $5,000 in back pay. According to Evans's affidavit, it was further agreed that the terms of the settlement would remain confidential and that Patrick would subsequently voluntarily resign her employment. Walton argues that these affidavits conclusively prove that the $5,000 expenditure was not illegal severance pay. We disagree.

The state auditor's report, which was incorporated by reference in Holcomb's memorandum opposing summary judgment, stated that two checks totalling $5,000 before tax deductions were issued to Patrick by Tilton as the result of a letter from Walton headed "SUBJECT: Severance Checks - Judith Patrick." According to the report, further investigation revealed that these payments were never formally authorized by the Butler County Commissioners nor approved in any manner by the prosecuting attorney. Therefore, the report concluded, the payments constituted an illegal expenditure under R.C. 117.28.

R.C. 117.36 provides that a certified copy of any portion of the state auditor's report containing factual information is *prima facie* evidence in determining the truth of the allegations in a petition under R.C. 117.28. *Prima facie* evidence is that which is sufficient to carry the case to the trier of fact and, if unrebutted, to support a conclusion in favor of the plaintiff. *Cleveland* v. *Keah* (1952), 157 Ohio St. 331. Therefore, by presenting *prima facie* evidence in the form of the state auditor's report, Holcomb at least presented sufficient evidence to create an issue of fact as to the nature of the payment to Patrick. Summary judgment was clearly inappropriate on this ground.

Walton also asserted in his motion that summary judgment was proper because Holcomb was estopped, as a matter of law. from challenging the payment to Patrick because it was made pursuant to a settlement agreement with a

county agent. This argument is without merit for two reasons. First, as we have already noted, issues of material fact exist concerning the alleged settlement and the nature of the payment to Patrick. Second, estoppel is generally not available as a defense against a governmental entity. *Chevalier* v. *Brown* (1985), 17 Ohio St. 3d 61, 63; *Kimbrell* v. *Seven Mile* (1984), 13 Ohio App. 3d 443, 443, 445-446. Accordingly, we find that summary judgment was not warranted on the basis of estoppel.

Finally, Walton argued that summary judgment was appropriate because Holcomb failed to institute the action within the time requirements of R.C. 117.28. We disagree.

R.C. 117.28 provides in part:

"Where an audit report sets forth that any public money has been illegally expended, * * * the officer receiving the certified copy of the report pursuant to section 117.27 of the Revised Code may, within one hundred twenty days after receiving the report, institute civil action in the proper court in the name of the public office to which the public money is due * * * for the recovery of the money or property and prosecute the action to final determination.

"* * *

"Within one hundred twenty days after receiving the certified copy of the report, the officer receiving the report shall notify the attorney general in writing of whether any legal action has been taken. If no legal action has been taken, the officer shall, within the same period, notify the attorney general in writing of the reason why legal action has not been taken. The attorney general or his assistant may appear in any such action on behalf of the public office and may, either in conjunction with or independent of the officer receiving the report, prosecute an action to final determination. The attorney general may bring the action in any case where the officer fails to do so within one hundred twenty days after the audit report has been filed."

Walton claims that the foregoing language creates a one hundred twenty day statute of limitations. However, in *Cleveland* v. *Legal News Publishing Co.* (1924), 110 Ohio St. 360, the Ohio Supreme Court construed G.C. 286, a predecessor to R.C. 117.28, and stated:

"The statute does not fix a time limitation within which suit must be brought. It simply imposes a legal and directory duty upon the officer requiring him to institute an action within the period of 90 days. This section does not

forestall, nor was it intended to, the right of the political subdivision to bring an action after the time, provided such action is brought within the limitation named by other sections of the Code. This is clearly apparent from the succeeding provisions of the same section, whereby the attorney general, if requested by the auditor of state, may 'bring the action in all cases where the prosecuting attorney, city solicitor or mayor fails or neglects to do so within ninety days after a report of an examination has been so filed.'" *Id.* at 365-366.

Similarly, in *Portage Lakes Joint Voc. School Dist. Bd.* v. *Bowman* (1984), 14 Ohio App. 3d 132, the Summit County Court of Appeals ruled that an action brought pursuant to former R.C. 117.10, another predecessor to the current R.C. 117.28, could be brought within six years from the date of the filing of the auditor's report with the prosecuting attorney.

In construing the language of R.C. 117.28, we find the reasoning of *Legal News* and *Bowman* to be persuasive. R.C. 117.28 is a remedial statute and remedial statutes are to be liberally construed in order to effect their manifest purpose, which in this case is "to protect and safeguard public property and public moneys." *Bowman, supra,* at 135, quoting *State, ex rel. Smith,* v. *Maharry* (1918), 97 Ohio St. 272, 276. Accordingly, we find that R.C. 117.28 does not prevent the prosecuting attorney from bringing an action to recover illegally expended funds beyond the one hundred twenty day period specified therein. The appropriate limitation period is the six-year statute of limitations of R.C. 2305.07. *Bowman, supra.* As the instant action was filed well within this time frame, we find Walton's argument to be without merit.

Having reviewed each of the grounds asserted by Walton and Patrick in support of summary judgment and finding them to be without merit, we conclude that the trial court erroneously granted summary judgment in favor of Walton and Patrick on the R.C. 117.28 claim. Holcomb's assignment of error is sustained.

II.

For her cross-appeal, Patrick asserts that the trial court erred in dismissing her cross-claim against Walton for violating the non-disclosure terms of their alleged settlement agreement. A review of the record, however, reveals no specific entry to this effect. The only judgment entry by the court is that which grants summary judgment on the motion filed by Walton, and joined by Patrick, on the R.C. 117.28 claim. This entry

states, "[t]his case is hereby dismissed with prejudice at plaintiff's cost." If this wording was meant to dismiss Patrick's cross-claim as well as the R.C. 117.28 claim, it was clearly in error for there were no motions before the court in regard to the cross-claim.

Walton asserts that Patrick's cross-claim was properly dismissed because Patrick had moved for summary judgment, thereby placing all material facts in issue. See *Houk* v. *Ross* (1973), 34 Ohio St. 2d 77. This argument fails, however, because Patrick merely joined in Walton's motion for summary judgment on the R.C. 117.28 claim. She made no such motion or argument relative to the issues on her cross-claim. Accordingly, there was no evidence before the court relative to the issues in Patrick's cross-claim which would justify summary judgment or a dismissal. The sole assignment of error on the cross-appeal is sustained.

*Judgment reversed and*
*cause remanded.*

JONES, P.J., and KOEHLER, J., concur.