927 F.2d 605
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin POSEY, Plaintiff-Appellant,
v.
BROWNIES CREEK MINING COMPANY, A DIVISION OF CUMBERLAND
MOUNTAIN SERVICES CORP., A Kentucky Corporation, Cyprus
Minerals Co., A Colorado Corporation, Standard Insurance
Co., Standard Oil Co., and Aetna Casualty & Surety Co.,
Defendants-Appellees.
 No. 90-5735.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1991.
 
 On Appeal from the United States District Court for the Eastern District of Kentucky, No. 88-00024; Siler, Jr., J.
 E.D.Ky.
 AFFIRMED.
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff, Marvin Posey, appeals the decision of the district court granting summary judgment for the defendants. Posey claims that the district court applied the wrong standard of review of the defendants' decision to deny disability benefits under insurance plans governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Sec. 1001 et seq. Applying the correct standard of review, Posey argues, the district court should not have granted summary judgment to defendants. For the reasons that follow, we AFFIRM the district court's grant of summary judgment for the defendants.
 
 
 2
 * Marvin Posey was employed by Brownies Creek Mining Company for six years. Brownies Creek was a subsidiary of Standard Oil Company (apparently now Amoco). Cyprus Minerals Company came into existence on July 1, 1985, as a spin-off of Standard Oil Company and Brownies Creek became a subsidiary of Cyprus. Brownies Creek terminated Posey's employment during a general layoff on August 1, 1985. At the time of his discharge, Posey served as a shift foreman. Upon termination, Posey volunteered his employment if a position subsequently became available at Brownies Creek.
 
 
 3
 Prior to July 1, 1985, Posey was covered under the Standard Oil self insurance plan (Standard Oil Plan) that provided long term disability coverage. After the Cyprus spin-off on July 1, 1985, however, Posey was covered by Standard Insurance Company's long term disability policy (Standard Insurance Plan) purchased by Cyprus to cover the employees after July 1. Cyprus created a separate plan, the Cyprus Minerals Plan (Cyprus Plan), that covered employees who were disabled on June 30, 1985, but who had not been covered by the Standard Oil Plan and would not be covered by the Standard Insurance Plan.
 
 
 4
 The parties stipulated that each of the three insurance plans offered essentially identical definitions of "disability." Disability under the plans is defined as "unable to work at his own occupation," having "complete inability ... to work," or "unable to perform with reasonable continuity the material duties of [his or her] own occupation." This inability to work must have arisen prior to the August 1, 1985, general layoff when coverage under all plans was absolutely terminated as to Brownies Creek employees. Unlike the other two plans, however, the Standard Oil Plan granted to the plan administrator the discretion to "construe and interpret the [Standard Oil] Plan, decide questions of eligibility and determine the amount, manner and time of payment...."
 
 
 5
 The parties do not dispute that on April 10, 1985, Posey was bounced from his underground mining car and that he landed on his emergency oxygen container that he carried on his belt. At the time of the fall, Posey felt only minor discomfort and he continued to work without missing a day until the general layoff on August 1, 1985. Posey waited two weeks before he reported his fall to his superintendent at which time he complained of discomfort. He repeated his complaint of injury to his superintendent in June and July, but an accident report never was prepared as required by his employer. No record of a deficiency in Posey's work performance exists between the date of his injury and his discharge other than Posey's own claim that he was unable to make pre-shift mine inspections.
 
 
 6
 Posey did not seek medical attention until July 26, 1985, one week prior to the general layoff. No severe back problem was diagnosed by that physician. An orthopedic surgeon determined, however, in late August 1985, that Posey suffered from two ruptured discs. The Social Security Administration awarded Posey total disability. Posey was awarded a 20% disability by the Kentucky Workers' Compensation Board.
 
 
 7
 Posey filed a claim for long term disability insurance payments from his former employer in January 1986. Because Posey's coverage under any of the three plans had ended by August 1, 1985, Posey based his claim on the fact that his alleged total disability resulted from his April 10, 1985 injury. Posey's claim was reviewed thoroughly by Standard Insurance Company examiners and was rejected. His former employer subsequently affirmed that rejection. It is unclear from the record which of the three plans was applied in rejecting Posey's claim.
 
 
 8
 Posey subsequently sued on his claim for disability insurance payments in the United States District Court for the Eastern District of Kentucky. The district court had jurisdiction under 29 U.S.C. Sec. 1132, because each of the three plans was governed by ERISA. In reviewing the rejection of Posey's claim for benefits in resolving defendants' motion for summary judgment, the district court applied the arbitrary and capricious standard of review of the denial of such benefits. Without deciding which of the three plans was applicable to Posey's claim for benefits, the district judge concluded that the decision to deny Posey's claim was correct because each plan required Posey to have been disabled prior to his discharge. The district court concluded that Posey was not disabled on the undisputed record on or before August 1, 1985. Accordingly, the district court granted summary judgment for the defendants. Posey now appeals the final order of the district court.
 
 II
 
 9
 On appeal Posey argues that the district judge erred in applying the arbitrary and capricious standard of review instead of de novo review. Posey correctly notes that the Supreme Court recently held in Firestone Tire and Rubber Co. v. Bruch, 109 S.Ct. 948, 956 (1989), that denial of benefits under an ERISA plan is to be reviewed de novo unless the benefit plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan. If the administrator enjoys such discretion, the Bruch Court held that the appropriate standard is the arbitrary and capricious standard. Id.
 
 
 10
 In contrast to de novo review, the arbitrary and capricious standard requires the district court to affirm the employer's or insurer's decision if evidence in the record reflects any reasonable explanation for the decision. Davis v. Kentucky Finance Cos. Retirement Plan, 887 F.2d 689, 693-94 (6th Cir.1989). Moreover, since the district court granted summary judgment, the question before this court would be whether there is any genuine issue of material fact as to whether there is a reasonable explanation of the decision to deny benefits. Id. at 694. In granting summary judgment for defendants, however, the district judge specifically noted that he would not reach the issue of which plan applied to Posey's claim. The district judge held, however, that because the Standard Oil Plan granted the administrator the discretion articulated in Bruch, the arbitrary and capricious standard of review was appropriate.
 
 
 11
 Posey contends that his former employer did not deny his claim for disability benefits under application of the Standard Oil Plan, but denied his claim under either the Cyprus or Standard Insurance Plans. Posey argues that because the Cyprus and Standard Insurance Plans do not grant the plan administrator the discretion described in Bruch, the district judge should have reviewed the rejection of his claim for benefits de novo.
 
 
 12
 Applying the Cyprus or Standard Insurance Plans, argues Posey, the district judge in his de novo review would have considered the following language:
 
 
 13
 NOTE: All or a part of the ELIMINATION PERIOD[1] can be satisfied while you are working if you are considered DISABLED during your period of work activity.
 
 
 14
 This language, Posey argues, clearly reveals that one must not have been completely unable to work in his regular occupation to be considered disabled under the Cyprus and Standard Insurance Plans. Because the district judge concluded that Posey was not disabled since Posey continued to work as a foreman until his discharge, Posey submits that the quoted language should have led the court to the opposite conclusion that Posey could have been disabled although he continued to work in his regular job.
 
 
 15
 Although the district court did not decide which plan had been applied, the defendants argue that Posey's claim was rejected by the employer under the terms of the Standard Oil Plan. The defendants argue that the district judge correctly applied the arbitrary and capricious standard of review because the Standard Oil Plan did give fiduciary discretion to the plan administrator to determine eligibility and to construe the terms of the plan. Consequently, the defendants argue that the district court correctly applied the arbitrary and capricious standard of review as required by Bruch.
 
 
 16
 We hold, based on the facts of the summary judgment record, that the rejection of Posey's claim for disability benefits was appropriate under either the arbitrary and capricious or de novo standard of review. Posey worked without missing a day until August 1, 1985, the day all coverage ended. All evidence reveals that Posey performed the material duties of the foreman's job until his discharge. No accident report was filed with the employer and on the date of his discharge Posey even volunteered to return to his job if work resumed.
 
 
 17
 Moreover, the medical evidence does not indicate that Posey was disabled on or before the date of Posey's discharge. At the time of his discharge, Posey only had seen his general physician, Dr. Rader, regarding his injury. Nothing in Dr. Rader's report or contemporaneous notes indicates that Posey could not perform his duties as a mine foreman. Additionally, the orthopedic surgeon's subsequent conclusion that Posey had ruptured discs was made a month after Posey's discharge and does not indicate that Posey was disabled before August 1, 1985.
 
 
 18
 Finally, the language in the Cyprus and Standard Insurance Plans quoted above that was relied on by Posey, when read in context with the entire plans, does not indicate that Posey could be considered disabled even though he was able to perform his job as foreman until his discharge. The Standard Insurance Plan clearly defines disability as being "disabled from your own occupation." Being "disabled from your own occupation" means, the plan provides, that "as a result of SICKNESS, ACCIDENTAL BODILY INJURY or PREGNANCY, you are unable to perform with reasonable continuity the material duties of your occupation." Likewise, the Cyprus Plan defines disability as "your complete inability as a result of SICKNESS, ACCIDENTAL BODILY INJURY or PREGNANCY, to work at your own occupation."
 
 
 19
 These clear definitions indicate that disability means no more than not being able to do one's particular job for the employer. Thus, no ambiguity arises from the notes in the Cyprus and Standard Insurance Plans relied on by Posey that refer to satisfying the elimination period "while working if you are considered disabled during your period of work activity." In light of the clear definitions of disability under the plans, it seems obvious that the disabled employee could perform work other than in his or her "own occupation" while disabled and yet be entitled to benefits. Moreover, the language Posey relies on is included in provisions of the Standard Insurance and Cyprus Plans explaining that once benefits are granted, a reduction in benefits occurs when the employee begins rehabilitation and can perform some work for the employer. In light of the disability definitions and the overall context, the language relied on by Posey does not indicate that one could be disabled and continue to fulfill the material requirements of his particular job. We hold, therefore, that Posey's claim that de novo review should produce the opposite conclusion by the district judge has no merit.
 
 
 20
 When a district judge applies the incorrect standard in reviewing an employer's denial of benefits under a plan governed by ERISA, remand for reconsideration under the appropriate standard is unnecessary where the result would be the same. Perry v. Simplicity Engineering, 900 F.2d 963, 965 (6th Cir.1990). We agree with the district judge that based on the facts of the summary judgment record, Posey was not disabled before his discharge under the terms of any of the three plans. On these facts, the same result is reached under either standard of review. Accordingly, we AFFIRM the district judge's grant of summary judgment in favor of the defendants.
 
 
 
 [1]
 The elimination period is defined under the terms of the plans as the period that an employee must be disabled continuously before he or she is eligible for benefits. J.A. at 79 & 105. (Footnote ours)