TRUETT et al., Appellants,

v.

COMMUNITY MUTUAL INSURANCE COMPANY, BLUE CROSS/BLUE SHIELD, Appellee.

[Cite as *Truett v. Community Mut. Ins. Co., Blue Cross/Blue Shield* (1993), —— Ohio App.3d ——.]

Court of Appeals of Ohio, Butler County.

No. CA93–06–108.

Decided Dec. 20, 1993.

742

*Scheper & McGowan* and *Farrell J. Goodman,* for appellants.

*Thompson, Hine & Flory, Earle Jay Maiman* and *Vicki L. Christian,* for appellee.

---

*Per Curiam.*

Plaintiffs-appellants, Henry and Rethia Truett, appeal a decision of the Butler County Court of Common Pleas granting appellee, Community Mutual Insurance Company ("Community Mutual"), summary judgment.

Henry Truett was covered under an employee benefit plan through a group health insurance contract with Community Mutual that was effective August 1, 1991. On August 29, 1991, Henry Truett was hospitalized for dizziness, vomiting, and weakness on his left side. After extensive testing, Dr. P.G. Moorthy diagnosed Henry Truett as suffering from a complicated migraine. After his release from the hospital on September 5, 1991, Henry Truett continued under Dr. Christopher Meier's care for a complicated migraine.

Henry Truett sought reimbursement for medical expenses he incurred during the course of his illness. On January 20, 1992, Community Mutual concluded that Henry Truett's medical expenses were not covered because the expenses were for care of a pre-existing condition. Under the insurance policy, conditions that existed prior to the effective date of the policy would not be covered if health problems related to the conditions were manifested after the effective date.

Henry Truett challenged this assessment to a Community Mutual appeals board. Dr. Thomas Morrow was recruited by Community Mutual to provide an expert assessment of Henry Truett's case. The Community Mutual appeals board found that Henry Truett's condition was pre-existing since he had been treated in June 1991 for migraine headaches. Therefore, Community Mutual denied Henry Truett coverage for his expenses.

On September 1, 1992, the Truetts filed a complaint against Community Mutual to recover Henry Truett's medical expenses. Community Mutual filed an answer and eventually a motion for summary judgment. The Truetts filed a motion in opposition to Community Mutual's request for summary judgment. The trial court granted Community Mutual's motion for summary judgment, and the Truetts now appeal this decision.

The Truetts raise one assignment of error on appeal. They allege that the trial court erred in granting Community Mutual's motion for summary judgment because it weighed the evidence and resolved genuine issues of material fact in contravention of Civ.R. 56(C). This assignment of error is overruled.

Both parties agree with the trial court's determination that the benefit plan at issue constitutes an employee welfare benefit plan under the Employee Retirement Income Security Act of 1974, Section 1001 *et seq.*, Title 29, U.S.Code, and is controlled by that legislation. Furthermore, the parties agree that the standard of review to be used in evaluating Community Mutual appeals board's decision is that it will stand absent a showing of arbitrariness or capriciousness. *Firestone Tire & Rubber Co. v. Bruch* (1989), 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80.

The Truetts argue that Community Mutual acted in an arbitrary and capricious manner because Dr. Morrow and the appeals board each had a conflict of interest. Community Mutual's conflict existed because it would be in its interest not to pay in order to keep premiums down. Dr. Morrow's conflict existed because he was hired by Community Mutual. Although a conflict of interest is a factor in determining if Community Mutual's decision was arbitrary or capricious, it is not determinative. *Id.* In this case, the conflict of interest does not render Community Mutual's decision arbitrary or capricious.

When there is a reasoned explanation based on the evidence for denying benefits, it is not an arbitrary or capricious decision. *Pokratz v. Jones Dairy Farm* (C.A.7, 1985), 771 F.2d 206, 209. Without a showing of internal inconsistency or bad faith or some other ground for calling the board's decision into question, the outcome may not be reversed as arbitrary or capricious. *Davis v. Kentucky Finance Cos. Retirement Plan* (C.A.6, 1989), 887 F.2d 689, 695, certiorari denied (1990), 495 U.S. 905, 110 S.Ct. 1924, 109 L.Ed.2d 288.

In this case, the appeals board had all of Henry Truett's medical records from before and after the incident in question. Furthermore, it obtained Dr. Morrow's expert opinion that the complicated migraine was a continuation from Henry Truett's previous bouts with normal migraines. The appeals board and Dr. Morrow relied on medical evidence in making their decisions and neither over-

looked or ignored relevant information. Thus, the decision was not arbitrary or capricious.

The Truetts also argue that the trial court erred in analyzing the evidence when it made its decision regarding summary judgment. Specifically, the Truetts claim that the trial court erred by considering Dr. Morrow's affidavit and by not considering Dr. Moorthy's affidavit.

In determining if the trial court's decision was correct in granting summary judgment, a reviewing court must use the same analysis that the trial court must use under Civ.R. 56(C). First, there must be no genuine issue of material fact that remains to be litigated. *Newbury Twp. Bd. of Trustees v. Lomak Petroleum (Ohio), Inc.* (1992), 62 Ohio St.3d 387, 390, 583 N.E.2d 302, 304–305; *State ex rel. Holcomb v. Walton* (1990), 66 Ohio App.3d 751, 753, 586 N.E.2d 176, 177–178. Second, the moving party must be entitled to summary judgment as a matter of law. *Id.* Finally, it must be clear from the evidence that reasonable minds can come to but one conclusion. *Id.*

Additionally, when dealing with an insurance company's decision to deny benefits, the genuine issue of material fact is whether there is a reasonable explanation for the denial. *Posey v. Brownies Creek Mining Co.* (C.A.6, Feb. 28, 1991), No. 90–5735, unreported, 1991 WL 24728. The trial court must consider what occurred during the administrative and appeal process when determining if there is a genuine issue of fact. *Miller v. Metropolitan Life Ins. Co.* (C.A.6, 1991), 925 F.2d 979, 986. In making this analysis, the trial court may not consider any evidence if it was not considered by the insurance company's review board. *Berry v. Ciba–Geigy Corp.* (C.A.4, 1985), 761 F.2d 1003, 1007; *Miller, supra,* 925 F.2d at 986.

In this case, the trial court correctly granted summary judgment. When reviewing Community Mutual's decision, the trial court properly considered only the evidence that Community Mutual used in making its decision. The Truetts argue that Dr. Morrow's affidavit should not be considered because the information he provided was not based on his personal knowledge since he included research from treatises. This argument is unpersuasive. First, although the appeals board did not have the same affidavit as the court did before it, the appeals board still used all of Dr. Morrow's expertise and research in arriving at its decision which is what was before the court in the form of the affidavit. Second, as an expert witness, Dr. Morrow had personal knowledge of the situation because he used Henry Truett's medical records to make his decision. Third, Dr. Morrow's affidavit was properly before the court because it incorporated the research treatises by reference. Evidentiary material not specifically authorized by Civ.R. 56(C) may be considered by the trial court if it is properly

incorporated into an affidavit by reference. *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 222, 515 N.E.2d 632, 634.

■ The Truetts also argue that Dr. Moorthy's affidavit was improperly ignored by the trial court. However, Dr. Moorthy's affidavit could not be considered because it was not a part of the evidence before the appeals board. Only evidence that was available to the appeals board may be considered by the trial court. *Miller, supra*, at 986. Furthermore, Dr. Moorthy's opinion was available to the appeals board because his evaluation was in Henry Truett's medical records.

In conclusion, the trial court properly determined that there was no genuine issue of material fact regarding Community Mutual's decision to deny Henry Truett's benefits. As Community Mutual was entitled to judgment as a matter of law, and reasonable minds could conclude that Community Mutual's decision was not arbitrary or capricious, the assignment of error is overruled and the trial court's decision granting Community Mutual summary judgment is affirmed.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

KOEHLER and WALSH, JJ., concur.

JONES, P.J., concurs in judgment only.