Plaintiff-appellant, 4D Investments, Inc., appeals a Butler County Common Pleas Court judgment affirming the decision of the Oxford City Council denying appellant an additional use permit for appellant's property. This appeal was brought under R.C. Chapter 2506. For the reasons stated below, we reverse.
In November 1996, appellant purchased the property located at 20 West Walnut Street, Oxford, Ohio from the First National Bank of Southwestern Ohio. Appellant purchased the property with the intent to use it as a lodging house. Since the property is located within a C-3 commercial district, and appellant wished to use the property for a residential purpose, appellant was required to apply for an additional use permit under Oxford Codified Ordinance 1129.13.
On April 8, 1997, appellant's application for additional use was heard by the Oxford Planning Commission. The planning commission voted to recommend denial of appellant's application. On May 20, 1997, appellant appeared before the Oxford City Council regarding the application. Appellant appeared before the city council again on June 3, 1997, and the council voted to accept the planning commission's recommendation, and accordingly denied appellant's application for additional use. Appellant appealed the council's decision to the Butler County Court of Common Pleas pursuant to R.C. Chapter 2506. The common pleas court affirmed the council's decision, and appellant timely filed this appeal raising two issues for review under the following sole assignment of error:
 THE TRIAL COURT ERRED TO [SIC] PREJUDICE OF PLAINTIFF/APPELLANT WHEN IT FAILED TO PROPERLY CONSIDER WHETHER OR NOT THE OXFORD CITY COUNCIL ACTED IN AN ARBITRARY OR CAPRICIOUS MANNER IN DENYING APPELLANT'S APPLICATION FOR ADDITIONAL USE.
Generally, R.C. Chapter 2506 provides for the appeal of an administrative decision to the court of common pleas. Although the hearing in the common pleas court is not de novo, it often resembles a de novo proceeding. Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34. In reviewing the administrative decision, the common pleas court must determine whether "the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. The decision of the administrative body is presumed to be valid, and the burden of showing its invalidity rests upon the contesting party.Consolidated Mgt., Inc. v. Cleveland (1983), 6 Ohio St.3d 238,240.
If the common pleas court's decision is appealed, the appellate court must determine whether the court of common pleas applied the appropriate standard of review.Dudukovich v. Loraine Metro. Housing Auth. (1979), 58 Ohio St.2d 202,207. Review by the court of appeals is limited in scope, and the decision of the common pleas court must be affirmed "unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." Kisil at 34. Included within the ambit of review by the appellate court is the question of whether the common pleas court abused its discretion. Kisil at 34, fn. 4.
Under the first issue presented for review, appellant argues that the common pleas court applied the wrong standard in determining whether the council's decision was arbitrary and capricious, and that the standard which the common pleas court applied imposed a substantially higher threshold for reversal of the council's decision. In its decision, the common pleas court cited the standard used in Davis v. Kentucky (C.A.6, 1989), 887 F.2d 689. In that case, dealing with a beneficiary's claim under Employee Retirement Income Security Act of 1974 (ERISA), the court stated, "[w]ithout a showing of internal inconsistency or bad faith or some other ground for calling the Committee's determination into question, the arbitrary and capricious standard demands affirmance." Id. at 695.
This arbitrary and capricious standard utilized inDavis was drawn from the United States Supreme Court's decision in Firestone Tire and Rubber Co. v. Bruch, (1989),489 U.S. 101, 109 S.Ct. 948, which was also a case involving a beneficiary's claim under ERISA. Further, this court has utilized the same arbitrary and capricious standard when reviewing certain claims under ERISA. See Truett v. CommunityMut. Ins. Co. (1993), 91 Ohio App.3d 741, 744; Armco, Inc. v.Stuhlreyer (Dec. 24, 1990), Butler App. No. CA90-02-020, unreported, at 9. Under the Davis standard, in order to prevail, appellant would be required to show that the council's action was somehow internally inconsistent or that the council acted in bad faith. Although this standard is appropriate when reviewing certain claims within the within the narrow scope of ERISA, we find that this standard is not necessarily appropriate for an appeal under R.C. Chapter 2506.
The Ohio Supreme Court has defined the term "arbitrary" as follows:
 The term "arbitrary" * * * means "without fair, solid, and substantial cause and without reason given; without any reasonable cause; * * * fixed or done capriciously or at pleasure; without adequate determining principle; not founded in the nature of things; nonrational; not done or acting according to reason or judgment; depending on the will alone; absolutely in power; capriciously; tyrannical; despotic."
Thomas v. Mills (1927), 117 Ohio St. 114, 121, citing Black's Law Dictionary (5 Ed.Rev. 1979) 96. Similarly, "caprice" is defined as follows: "Whim, arbitrary, seemingly unfounded motivation. Disposition to change one's mind impulsively." Black's Law Dictionary (5 Ed.Rev. 1979) 192. We find that the standard for arbitrary and capricious as set forth by Thomas
and the common meaning as defined in Black's Law Dictionary is a more appropriate standard for a R.C. Chapter 2506 appeal and would not require appellant to show any internal inconsistency or that the council acted in bad faith.
This interpretation is more consistent with previous cases from the Butler County Court of Common Pleas, where the court found decisions to be arbitrary and capricious where "statutory criteria are set out in a [sic] ordinance and the Board fails to address those criteria in making its determination." Schroerv. City of Oxford (Oct. 13, 1993), Butler C.P. No. CV93-02-0148, unreported, at 4. By not considering the specified list of statutory factors in Schroer, the administrative body's decision was made without adequate determining principle. Thus, the standard used by the common pleas court in Schroer falls within the definition presented by the Supreme Court in Thomas. We fail to see why the common pleas court chose to adopt the standard used in Davis, rather than the more appropriate standard provided in Thomas which is more consistent with the court's previous decisions.
The Ninth District Court of Appeals addressed a similar situation when reviewing an administrative appeal under R.C.119.12 in Diversified Benefits Plans Agency, Inc. v. Duryee
(1995), 101 Ohio App.3d 495. Though Duryee involved an appeal under R.C. 119.12, that statute, like R.C. 2506.01 et seq., addresses judicial review of certain administrative decisions. On this point, we find that the Ninth District's analysis is applicable here: "[w]here the common pleas court applies a standard of review greater than that called for in [the statute], the trial court has abused its discretion." Duryee at 499. Accordingly, we find that the trial court applied the wrong standard of review. To that extent, we find appellant's first issue presented for review to be meritorious.
Under the second issue presented for review, appellant argues that the common pleas court misapplied Oxford Codified Ordinances 1122.09 and 1129(C)(1) by allowing the council to summarily ratify the recommendation made by the Oxford Planning Commission. Appellant asserts that the common pleas court misunderstood that the council is required by the ordinance to conduct its own, independent fact finding. In support of this argument, appellant cites the common pleas court's opinion which states, "[f]irst, a 'public hearing' before the Planning Commission is to be held subsequent to a publication of a required public notice of such hearing. Second, the City Council of Oxford must then act upon the recommendation of the Planning Commission." (Emphasis added.) Appellant argues that the common pleas court's use of the word "must" indicates that the court misunderstood the ordinance to allow the council to "rubber stamp" the planning commission's recommendation.
However, an objective reading of the entire context of the common pleas court opinion clearly reveals that the court understood and applied the ordinance properly. After the sentence quoted by appellant, the court stated, "Council, by resolution, may then adopt a negative recommendation of the Planning Commission, or by ordinance, approve the action sought by the applicant." Thus, a careful reading of the entire opinion reveals that the common pleas court understood and applied the ordinance correctly by stating that if the planning commission were to make a recommendation, the council is then free to either adopt or to reject the recommendation.
Appellant further argues that the council improperly delegated its fact-finding duty by merely ratifying the planning commission's recommendation. A careful review of the record shows that this was not the case. After the council received the planning commission's recommendation dated April 8, 1997, the council conducted two pub-lie meetings on May 20, 1997 and June 3, 1997. During the two meetings, the council received sworn testimony from Jay Bennett, appellant's council, and Walter B. Blair, a zoning and planning consultant. Both Bennett and Blair underwent extensive questioning from several different members of the council. Further, members of council considered evidence presented by the city planning director, the city law director, and various audience members. Accordingly, the common pleas court stated, "[c]learly, council was presented with information which both opposed and supported 4-D's position upon which they could make a decision." Based upon our review of the record, we find that, in this respect, the decision of the common pleas court was supported by a preponderance of reliable, probative and substantial evidence. Accordingly, we find appellant's second issue presented for review to be without merit.
However, because the common pleas court applied the incorrect standard of review in determining whether the council's action was arbitrary and capricious, appellant's assignment of error is hereby sustained. The judgment of the common pleas court is reversed and the cause remanded for further consideration in accordance with the proper standard of review as outlined in this opinion.
POWELL, P.J., and KOEHLER, J., concur.