THE STATE EX REL. MINISTERIAL DAY CARE ASSOCIATION ET AL., APPELLANTS, *v.* MONTGOMERY, AUDITOR, APPELLEE.

[Cite as *State ex rel. Ministerial Day Care Assn. v. Montgomery,* 100 Ohio St.3d 343, 2003-Ohio-6446.]

344 

(No. 2003–1009—Submitted October 20, 2003—Decided December 24, 2003.)

## Per Curiam.

{¶ 1} Appellant Ministerial Day Care Association ("Ministerial") is a nonprofit organization that receives federal and state funds to provide child-development programs to low-income families in Cuyahoga County, Ohio. Appellant Verneda Bentley is Ministerial's Executive Director.

{¶ 2} In September 2000, the Ohio Department of Education ("ODE") requested that appellee, the State Auditor, perform a special audit of Ministerial. ODE asked that the State Auditor review Ministerial's Head Start enrollment rosters for fiscal year 1998 and Ministerial's purchase of computer equipment and software. In October 2000, the State Auditor's Office began its special audit of Ministerial.

{¶ 3} In June 2002, the State Auditor issued a special audit report. The Auditor determined that Ministerial had received funding for more children than it could verify were enrolled in its Head Start program for 1997–1998. The Auditor further determined that Ministerial had failed to pay private providers all of the funds to which they were entitled and that payments for furniture and computer equipment were not properly authorized. The Auditor issued findings for recovery against Ministerial for these violations of over $3 million.

{¶ 4} In September 2002, the State Auditor subpoenaed Bentley to appear and produce for inspection and copying certain records, including Ministerial's Head Start enrollment and attendance lists for its 1998–1999, 1999–2000, and 2000–2001.

{¶ 5} On September 12, 2002, Ministerial filed a complaint in the Cuyahoga County Court of Appeals, requesting a writ of mandamus to compel the State Auditor to "decertify, vacate and/or otherwise withdraw" the June 2002 special audit report. Ministerial alleged that the State Auditor's Office had abused its discretion and had clearly disregarded applicable law in conducting the audit.

{¶ 6} In October 2002, Bentley filed a complaint in the court of appeals. Bentley requested a writ of prohibition to prevent the State Auditor from

enforcing the September 2002 subpoena. The court of appeals consolidated the mandamus and prohibition cases.

{¶ 7} Based on the audit report, in December 2002, ODE filed a complaint in the common pleas court pursuant to R.C. 117.28[1] to recover the illegally expended money from Ministerial.

{¶ 8} In April 2003, the court of appeals granted the Auditor's motions and dismissed the mandamus and prohibition claims.

{¶ 9} The cause is now before us upon Ministerial and Bentley's appeal as of right.

Mandamus

{¶ 1} Ministerial asserts that the court of appeals erred in dismissing its mandamus claim to compel the Auditor to decertify, vacate, or withdraw the June 2002 special audit report. The court of appeals correctly dismissed Ministerial's mandamus claim. A writ of mandamus will not issue if there is a plain and adequate remedy in the ordinary course of the law. *State ex rel. Fogle v. Carlisle,* 99 Ohio St.3d 46, 2003-Ohio-2460, 788 N.E.2d 1060, ¶ 9; R.C. 2731.05.

{¶ 2} Insofar as Ministerial claimed in its complaint that it suffered damage because the special audit "effectively operate[d] as authorization for the State of Ohio * * * to institute civil legal action against [Ministerial] within 120 days of the date of the certification" of the audit report, it has an adequate remedy in the ordinary course of law by challenging the audit report in ODE's pending R.C. 117.28 action. Ministerial asserts that this remedy is inadequate because under R.C. 117.36, the report constitutes prima facie evidence in an R.C. 117.28 action. But Ministerial can still rebut this evidence in the civil action. See *State ex rel. Holcomb v. Walton* (1990), 66 Ohio App.3d 751, 754, 586 N.E.2d 176 (*"Prima facie* evidence is that which is sufficient to carry the case to the trier of fact and, *if unrebutted,* to support a conclusion in favor of the plaintiff"). (Emphasis added.)

{¶ 3} This remedy provides complete, beneficial, and speedy relief to Ministerial and thus precludes the requested extraordinary relief in mandamus.

---

1. {¶ a} R.C. 117.28 authorizes civil actions to recover public monies found to have been illegally expended in a State Auditor's report:

{¶ b} "Where an audit report sets forth that any public money has been illegally expended, or that any public money collected has not been accounted for, or that any public money due has not been collected, or that any public property has been converted or misappropriated, the officer receiving the certified copy of the report pursuant to section 117.27 of the Revised Code may, within one hundred twenty days after receiving the report, institute civil action in the proper court in the name of the public office to which the public money is due or the public property belongs for the recovery of the money or property and prosecute the action to final determination."

Prohibition

{¶ 4} Bentley challenges the court of appeals' dismissal of her prohibition claim on the grounds that the State Auditor lacks authority to issue subpoenas in this circumstance. Bentley's claim lacks merit. In general, absent a patent and unambiguous lack of jurisdiction, the entity exercising judicial or quasi-judicial authority can be challenged in the ordinary course of law rather than by extraordinary relief in prohibition. See, e.g., *State ex rel. Hunter v. Summit Cty. Human Resource Comm.* (1998), 81 Ohio St.3d 450, 451, 692 N.E.2d 185; *State ex rel. U.S. Steel Corp. v. Zaleski*, 98 Ohio St.3d 395, 2003-Ohio-1630, 786 N.E.2d 39, ¶ 8.

{¶ 5} The State Auditor had statutory authority to issue and serve subpoenas in connection with its special audits of Ministerial. See R.C. 117.18(A). "[T]he State Auditor has broad investigatory powers, and after the facts and circumstances surrounding the [questioned] expenditure have been fully developed, the duty to determine whether public monies have been expended illegally." *Petro v. N. Coast Villas Ltd.* (2000), 136 Ohio App.3d 93, 97, 735 N.E.2d 985. The State Auditor's statutory subpoena power is in furtherance of this duty. Id.

{¶ 6} The State Auditor had completed an audit of Ministerial that found more than $3 million in funds illegally received by Ministerial. The Auditor was authorized to conduct a further audit of succeeding program years and to subpoena pertinent records from Bentley for those years.

{¶ 7} Therefore, the Auditor did not *patently and unambiguously* lack jurisdiction to issue the subpoena to Bentley, and Bentley has an adequate legal remedy by way of the Auditor's pending common pleas court action. In that case, Bentley can raise her claims challenging the subpoena by moving to quash the subpoena or moving for a protective order. *State ex rel. Uguru v. Palaibis*, Cuyahoga App. No. 81061, 2002-Ohio-2264, 2002 WL 984794. Bentley was not entitled to the requested writ of prohibition.

Conclusion

{¶ 8} Based on the foregoing, Ministerial and Bentley have adequate legal remedies that preclude their entitlement to writs of mandamus and prohibition. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

Zukerman, Daiker & Lear Co., L.P.A., Larry W. Zukerman and S. Michael Lear, for appellants.

Jim Petro, Attorney General, and Sharon A. Jennings, Assistant Attorney General, for appellee.