HARRIS, DIRECTOR, ET AL., APPELLANTS, *v.*
STUTZMAN, D.B.A. HART MASONRY COMPANY, APPELLEE.

[Cite as Harris *v.* Stutzman (1989), 42 Ohio St. 3d 13.]

(No. 87-2182—Submitted February 7, 1989—Decided April 5, 1989.)

*Anthony J. Celebrezze, Jr.,* attorney general, and *Robert W. Patchen,* for appellants.

*Burke & Rawlings Co., L.P.A.,* and *James F. Burke, Jr.,* for appellee.

H. BROWN, J. The issue presented is, for us, one of first impression: In an investigation undertaken by the Director of Industrial Relations pursuant to the prevailing wage laws, does R.C. 4115.132 authorize a designated representative of the director to issue a subpoena *duces tecum* to a person, contractor or subcontractor to produce records in any county within the state? We answer the query affirmatively and reverse the decision of the court of appeals.

An administrative agency charged with regulating and enforcing compliance with certain laws must be able to discover evidence in order to determine whether a law is being violated. To achieve this purpose, the scope of the agency's investigative power should be construed broadly, within statutory constraints. *United States* v. *Morton Salt Co.* (1950), 338 U.S. 632, 648-649. With this principle in mind, we examine the applicable statutory law.

R.C. 4115.03 to 4115.16 set forth requirements relating to payment of the prevailing wage on public works projects and also provide a comprehensive scheme under which appellants are responsible for investigating and securing compliance with the laws. *State* v. *Buckeye Electric Co.* (1984), 12 Ohio St. 3d 252, 12 OBR 331, 466 N.E. 2d 894.

R.C. 4115.07 requires contractors or subcontractors falling within R.C. 4115.03 to 4115.16 to keep full and accurate payroll records and provides that "* * * [s]uch payroll records shall be open to inspection by * * * the department * * * at any reasonable time and as often as may be necessary * * *." Under R.C. 4115.13, the director or designated representative must investigate any alleged violations of the prevailing wage laws. Toward this end, "the director, *a designated representative,* or hearing examiner *may* administer oaths, take and cause to be taken depositions of witnesses, *issue subpoenas, and compel* the attendance of witnesses and *the production of papers, books, accounts, payrolls, documents, records, and testimony relating to and relevant to the violation under investigation.*" (Emphasis

added.) R.C. 4115.132. This provision further provides that "[i]n case of contumacy, failure, or refusal of any person, contractor, or subcontractor to obey the order, any court of common pleas having jurisdiction of the person, contractor, or subcontractor, upon application of the director or representative designated by him shall have jurisdiction to issue to the person, contractor, or subcontractor an order requiring the person, contractor, or subcontractor *to appear before him or a representative designated by him, to produce evidence as is ordered,* and to give testimony relating to the matter under investigation or in question. Any failure to obey an order of the court may be punished by the court as a contempt thereof." (Emphasis added.)

Finally, R.C. 4115.13 grants to the director or designated representative "* * * the power to hold hearings *and such hearings shall be held within the county in which the violation* of sections 4115.03 to 4115.16 of the Revised Code *is alleged to have been committed."* (Emphasis added.)

Appellants contend that R.C. 4115.132 authorizes them to issue a subpoena *duces tecum* to a person, contractor, or subcontractor to produce documents anywhere within the boundaries of the state of Ohio. Appellee argues that R.C. 4115.13 and 4115.132 must be read *in pari materia* and that under such a reading, the director's investigative power is limited to issuance of subpoenas to appear in the county where the violation is alleged to have been committed or the county of residence of the party under investigation. Appellee's argument is flawed because it places limits upon the director's investigatory powers not found in the statutory provisions. (R.C. 4115.03 to 4115.16.)

The sole statutory limitation upon the director's power to issue a sub-poena during the course of an investigation is that the requested information must be relevant to the alleged violation under investigation. See R.C. 4115.132. This limitation is consistent with principles of administrative law which recognize that the subpoena will be judicially enforced so long as the inquiry is one the demanding agency is authorized by law to make and the records sought are "reasonably relevant to the matter in issue." See Davis, Administrative Law Text (3 Ed. 1972) 56-57, at fn. 10; *Morton Salt Co., supra,* at 652; *Oklahoma Press Publishing Co.* v. *Walling* (1946), 327 U.S. 186, 208.

If the recipient of the subpoena complies with the mandate, the matter ends. If, as in the case before us, the party fails to comply with the subpoena, the matter proceeds to a second step. The second step is that the director or designated representative may seek an order enforcing the subpoena from a court of common pleas having jurisdiction of the party. Such a court may order the party "to appear before him or a representative designated by him, to produce evidence as is ordered * * *." R.C. 4115.132. If the party fails to comply, the court may hold the party in contempt.

R.C. 4115.132 permits the court of common pleas to *designate a representative* before whom the party must appear and produce the records. Thus, the order in this case by Judge Morris, requiring appellee to comply with the subpoena *duces tecum* by appearing before Theresa L. Fitchpatrick in Franklin County, was a lawful order.

Appellee herein did not contest the subpoena on grounds of hardship or unreasonableness. R.C. 4115.132 does permit judicial supervision over the action. Such is apparent from the grant of authority permitting the common pleas court to order the party to ap-

pear before the court itself or someone designated by the court. The court could provide for the taking of a deposition in a county more convenient to the party ordered to appear if the court, in its discretion, felt that such action were warranted. Here, however, appellee failed to make a plea to the court's discretion. Instead appellee sought to challenge the underlying statutory authority for the order by Judge Morris. That challenge is not well-taken.

We hold that in an investigation undertaken by the Director of Industrial Relations pursuant to the prevailing wage laws, R.C. 4115.132 authorizes a designated representative of the director to issue a subpoena *duces tecum* to a person, contractor, or subcontractor to produce records in any county within the state, so long as the records are relevant to the alleged violation under investigation.

The judgment of the court of appeals is reversed and the order of the court of common pleas is reinstated.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and RESNICK, JJ., concur.