PETRO, Auditor of State, Appellant,

v.

**NORTH COAST VILLAS LIMITED, et al., Appellees.**

[Cite as *Petro v. N. Coast Villas Ltd.* (2000), 136 Ohio App.3d 93.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 19618.

Decided Jan. 26, 2000.

94

*Betty D. Montgomery*, Attorney General, *Kent M. Shimeall* and *Elizabeth S. Luper*, Assistant Attorneys General, for appellant.

*Roger M. Synenberg* and *Mary Jo Tipping*, for appellees.

WHITMORE, Judge.

Appellant, Auditor of State Jim Petro, has appealed from a judgment of the Summit County Court of Common Pleas denying his application for enforcement of various subpoenas *duces tecum*. This court reverses and orders that the subpoenas be enforced.

## I.

On September 23, 1998, Auditor of State Jim Petro ("State Auditor") served several subpoenas *duces tecum* on North Coast Villas Limited, Step II Management and Development Corporation, The V Companies, and The Voinovich Companies, Inc. (collectively referred to as "defendants"). Those subpoenas were issued in the furtherance of the on-going special audit of Summit County being conducted by the State Auditor, and each sought information relating to transactions between defendants and Summit County. Defendants, for various reasons, refused to produce the subpoenaed documents.

On March 22, 1999, the State Auditor filed an application to enforce subpoenas *duces tecum* in the Summit County Court of Common Pleas. Subsequently, defendants moved the trial court to dismiss the special proceeding and quash the

subpoenas. On May 5, 1999, the parties presented oral arguments, and on May 10, 1999, the trial court denied the State Auditor's application and granted defendants' motion to quash. The trial court determined that, as a matter of law, the State Auditor's subpoena power, as set forth in R.C. 117.18, is limited by R.C. 117.10; therefore, the court found that the subpoena power does not extend to private, third-party entities not directly receiving money from a public agency. It is that order which this court now reviews.

## II.

The instant appeal presents two questions of law: (1) whether the trial court's determination that the State Auditor's subpoena power is limited by the scope of R.C. 117.10 was in error; and, (2) who bears the burden of proof as to the relevancy and reasonableness of subpoenas issued by the State Auditor. After addressing the applicable standard of review, this court will examine each issue in turn.

### A. Standard of Review

Generally, an appellate court applies an abuse of discretion standard when reviewing a trial court's decision to quash a subpoena. Nevertheless, when a trial court's discretionary decision is based on a specific construction of law, that decision should not be afforded the deference that is usually due to the trial court. See, *e.g., State v. Today's Bookstore, Inc.* (1993), 86 Ohio App.3d 810, 823, 621 N.E.2d 1283, 1291–1292. "[I]t is appropriate for an appellate court to substitute its judgment for that of the trial court where matters of law are involved." *Id.,* citing *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership* (1992), 78 Ohio App.3d 340, 346, 604 N.E.2d 808, 811–812. Indeed, where an appellate court determines that the trial court erred as a matter of law, it may reverse and render judgment. *Cleveland v. Clifford* (1997), 121 Ohio App.3d 59, 63, 698 N.E.2d 1045, 1048; App.R. 12(B). Thus, this court's review is *de novo,* and the abuse of discretion standard has no application. *Akron–Canton Waste Oil, Inc. v. Safety–Kleen Oil Serv., Inc.* (1992), 81 Ohio App.3d 591, 602, 611 N.E.2d 955, 962–963.

### B. State Auditor's Subpoena Power

The office of the State Auditor was created by constitutional command. See Section 1, Article III, Ohio Constitution. The General Assembly has vested that office with the responsibility of auditing all public agencies and with the discretion to audit any private institutions receiving public monies. R.C. 117.10. That section provides:

"The auditor of state shall audit all public offices as provided in this chapter. The auditor of state also may audit the accounts of private institutions, associations, boards, and corporations receiving public money for their use and may require of them annual reports in such form as the auditor of state prescribes."

■ Moreover, the State Auditor has broad investigatory powers, and after the facts and circumstances surrounding the expenditure have been fully developed, the duty to determine whether public monies have been expended illegally. R.C. 117.28. See, also, *Harris v. Stutzman* (1989), 42 Ohio St.3d 13, 14, 536 N.E.2d 1154, 1155 ("An administrative agency charged with regulating and enforcing compliance with certain laws must be able to discover evidence in order to determine whether a law is being violated. To achieve this purpose, the scope of the agency's investigative power should be construed broadly, within statutory constraints.").

In furtherance of this responsibility, the General Assembly has given the State Auditor authority to subpoena documents "in the performance of any audit." [1] R.C. 117.18. That section states:

"The auditor of state and any employee designated by the auditor of state may, in the performance of any audit, issue and serve subpoenas and compulsory process or direct service thereof by a sheriff or constable, compel the attendance of witnesses and the production of records, administer oaths, and apply to a court of competent jurisdiction to punish for disobedience of subpoena, refusal to be sworn, refusal to answer as a witness, or refusal to produce records."

■ Defendants have suggested, as the trial court held, that the subpoena power set forth in R.C. 117.18 is in some way limited by R.C. 117.10. In other words, the State Auditor may subpoena only the individuals and/or entities being audited or those dealing directly with such entities. This court disagrees.

■ The words and phrases contained in Ohio's statutes are to be given their plain, ordinary meaning and are to be construed "according to the rules of grammar and common usage." R.C. 1.42; see, also, *State ex rel. Weich Roofing, Inc. v. Indus. Comm.* (1990), 69 Ohio App.3d 281, 283, 590 N.E.2d 781, 782–783. "Plain and unambiguous language may not be ignored." *Clark v. State Bd. of*

---

1. The Ohio Administrative Code defines an audit as "an examination of financial statements, books, documents, records, and other evidence relating to the obligation, receipt, expenditure, or use of public money[.]" O.A.C. 117–10–02. That section also states that an "audit includes a special audit, financial audit, compliance audit, fraud and embezzlement audit or any combination thereof." *Id.* As such, because the subpoenas in this case were issued in furtherance of the State Auditor's on-going special audit of Summit County, this court believes that R.C. 117.18 controls. See *Auditor of State v. Achterman* (May 4, 1999), Franklin C.P. No. 99 MS–03–66, unreported, at 1.

*Registration for Professional Engineers & Surveyors* (1997), 121 Ohio App.3d 278, 284, 699 N.E.2d 968, 972, citing *Bd. of Edn. v. Fulton Cty. Budget Comm.* (1975), 41 Ohio St.2d 147, 156, 70 O.O.2d 300, 305, 324 N.E.2d 566, 571–572. "Absent ambiguity, statutory language is not to be enlarged or construed in any way other than that which its words demand." *Clark,* 121 Ohio App.3d at 284, 699 N.E.2d at 972, quoting *Kneisley v. Lattimer–Stevens Co.* (1988), 40 Ohio St.3d 354, 357, 533 N.E.2d 743, 746–747. If the meaning is clear, the language should not be further interpreted. It must be applied. *Sears v. Weimer* (1944), 143 Ohio St. 312, 28 O.O. 270, 55 N.E.2d 413, paragraph five of the syllabus.

 The provisions at issue in this case present no ambiguity. On its face, R.C. 117.10 requires the State Auditor to audit public agencies and grants him the discretionary authority to audit those private entities receiving public monies.[2] Similarly, R.C. 117.18 facially grants the State Auditor the power to subpoena documents when conducting one of the audits set forth in R.C. 117.10 or O.A.C. 117–10–02(A). Nowhere in the language of R.C. 117.10 nor any other statutory provision is a rule found that prevents the State Auditor from seeking documents in the possession of private, third-party entities. Accordingly, this court concludes that R.C. 117.18 vests the State Auditor with the power to subpoena documents from private, third-party individuals when performing an audit. See *Auditor of State v. Achterman* (May 4, 1999), Franklin C.P. No. 99 MS–03–66, unreported, at 1. When the trial court reached the opposite conclusion, it erred as a matter of law. The State Auditor's first assignment of error is sustained.

### C. Relevancy, Unreasonableness and Burden of Proof

 The subpoena power of R.C. 117.18 is, however, not unlimited. The Ohio Supreme Court has held that under Ohio administrative law, a subpoena will be judicially enforced only so long as (1) the inquiry is permitted by law, (2) the records sought are relevant to the matter in issue, and (3) the records' disclosure will not cause unreasonable costs and difficulty. *State ex rel. Civ. Rights Comm. v. Gunn* (1976), 45 Ohio St.2d 262, 267, 74 O.O.2d 422, 425, 344 N.E.2d 327, 329–330; *Harris,* 42 Ohio St.3d at 15, 536 N.E.2d 1154, citing *United States v. Morton Salt Co.* (1950), 338 U.S. 632, 652, 70 S.Ct. 357, 368–369, 94 L.Ed. 401, 414–415. Having already determined that Ohio law permits the State Auditor to subpoena private, third-party entities, this court follows the Ohio Supreme Court's reasoning in *Gunn* and *Harris* and holds that documents sought under a State Auditor's

---

2. This court would note that while the State Auditor does enjoy the power to audit certain private entities, he is not exercising that authority in this case. On the contrary, the subpoenas issued in this matter were in furtherance of the State Auditor's special audit of Summit County.

subpoena must be relevant to the underlying audit being conducted and not cause the party under subpoena unreasonable costs and difficulty.[3]

■ The second question of law presented by this appeal is which party bears the burden of proof as to the relevancy and reasonableness of subpoenas issued by the State Auditor. The State Auditor has argued that, in this context, the burden of proof lies with the party challenging the subpoena. This court agrees.

Although legal precedent on the issue is limited, it is clear that when the Ohio Civil Rules of Procedure do not apply, the burden of proof rests with the party challenging the subpoena. See *Davies v. Columbia Gas & Elec. Co.* (1938), 68 N.E.2d 571, 578; see, also, 36 Ohio Jurisprudence 3d (1982) 139, Discovery and Depositions, Section 134. This being so, it is incumbent upon this court to determine whether defendants met their burden as to irrelevancy and unreasonable costs and difficulty.

■ In the instant matter, the State Auditor is conducting a special audit of Summit County and is seeking documents in furtherance of that investigation. The State Auditor attached to his application for enforcement the four pertinent subpoenas and an affidavit. Also, attached to its memorandum in opposition to defendants' motion to dismiss and quash was a second affidavit.

The second affidavit, by the auditor in charge, Leonard G. Palaibis, expressly states that the "requested records relate to the expenditure of public funds." It also states that the documentation sought is related to public funds that were funneled back to individual government officials. The affidavit further draws several specific links between Summit County, defendants and public funds.

The first two subpoenas were issued to The V Companies and The Voinovich Companies. Each subpoena sought documentation related to payments that the two companies either made to or that involved Everst Consulting, Essex Consulting, William Hartung & Associates, William Hartung, Cindy Peters, L.P.A., or Cindy Peters for the time period between January 1, 1995 through the present.

The third subpoena was issued to North Coast Villas Limited. It sought all documentation related to check number 220, which was issued by Public Sector Solutions, Inc. to Step II Consulting. The check was dated May 1, 1996, and was for $40,000. North Coast Villas Limited had coendorsed and subsequently deposited the check into its account. The subpoena further sought all documen-

---

3. The Ohio Rules of Civil Procedure do not apply to special proceedings, *i.e.* actions that did not exist at common law. Civ.R. 1(C)(7). Because this type action did not exist at common law, it, therefore, constitutes a special proceeding and the Ohio Rules of Civil Procedure have no application.

tation related to check number 1857, which was issued by North Coast Villas Limited to Everest Consulting, dated May 7, 1995, in the amount of $40,000.

The fourth subpoena was issued to Step II Management and Development Corporation. This subpoena sought all documentation related to check number 1039, which was issued by Public Sector Solutions, Inc. to Step II Consulting, dated April 15, 1997, in the amount of $15,000. It further sought all documentation related to check number 1060, which was issued by Public Sector Resource Management Group, Inc. to Step II Consulting, dated August 28, 1997, in the amount of $74,000. Finally, the subpoena sought all documentation related to any payments from Step II Management and Development Corporation to Everst Consulting, Essex Consulting, William Hartung & Associates, William Hartung, Cindy Peters, L.P.A., or Cindy Peters for the time period between January 1, 1995 through the present.

Defendants have failed to contest the State Auditor's subpoenas on grounds of hardship and unreasonable costs and difficulty. Instead, they have attacked the subpoenas' relevancy by suggesting that the State Auditor is pursuing a mere hunch, and that the State Auditor is on a "fishing expedition." This court is unpersuaded. Palaibis' affidavit clearly states that the documentation being sought relates to the expenditure of public funds. It also sets forth several money trails that would indicate that the documents sought could prove to be germane to the on-going special audit of Summit County. Moreover, the four subpoenas are facially relevant and easily linked to the transactions mentioned in Palaibis' affidavit.

Upon review of the entire record, this court concludes that defendants have failed to meet their burden under *Gunn* and *Harris*. This court holds that, as a matter of law, the documents sought are relevant to the State Auditor's on-going special audit of Summit County and that their disclosure would not cause unreasonable costs or difficulty to defendants. The State Auditor's second assignment of error is well taken.

### III.

In sum, this court holds that the State Auditor has the statutory authority to issue subpoenas to private, third-party entities indirectly receiving money from a public agency if a relevant link between the two can be established. Otherwise, an underhanded public official could easily establish a web of conduits and launder public money without apprehension. In the interests of good government and maintaining the public trust, the State Auditor must be able to follow the money trail.

This court further holds that the documents requested are relevant to the State Auditor's special audit of Summit County, and that the granting of the State Auditor's application would not cause unreasonable costs or difficulty to defendants. Therefore, the judgment of the trial court is reversed, the State Auditor's application is granted and defendants are ordered to produce the documents at 11:00 a.m., on February 4, 2000, at the State Auditor's Office, Lausche Building, 12th Floor, 615 Superior Avenue, N.W., Cleveland, Ohio 44113, attn: Leo Palaibis.

*Judgment reversed.*

BAIRD, P.J., and BATCHELDER, J., concur.