This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, John E. Glasure ("hereinafter Glasure"), appeals the trial court's finding that he was guilty of criminal trespass. The sole issue he brings before us is whether the trial court should have quashed certain subpoenas. For the following reasons, we affirm the trial court's decision.
On August 5, 1993, two people were taking soil samples on property owned by Lee Township. Glasure was standing near the hole where the soil samples were being taken with a video camera. After being asked to leave several times by police officers, Glasure was arrested and charged with obstructing official business and criminal trespass.
On January 17, 1995, the State moved to quash seven subpoenas. The trial court conducted a hearing on this motion and quashed four of the subpoenas, finding the testimony of Judge William Martin (hereinafter "Martin"), County Prosecutor John Smiley (hereinafter "Smiley"), and Lee Township Trustees Dick Walters (hereinafter "Walters") and Lewis Cline (hereinafter "Cline") to be irrelevant. Immediately after quashing the four subpoenas, the matter proceeded to trial. On January 18, 1995, the second day of trial, Glasure filed a motion to dismiss pursuant to Crim.R. 29(A) and (C). The trial court dismissed the obstructing official business charge, but let stand the jury's finding that Glasure was guilty of criminal trespass. On April 6, 1995, the trial court sentenced Glasure to thirty (30) days in jail and a Two Hundred Fifty Dollar ($250) fine.
Glasure's sole assignment of error asserts the trial court denied him due process by quashing the four subpoenas. We conclude the trial court did not abuse its discretion in quashing these subpoenas because the prospective witnesses' testimony was irrelevant to the case at hand, and therefore affirm the trial court's decision.
The right of an accused to have compulsory process for obtaining witnesses in his favor is a fundamental right protected by theSixth Amendment to the United States Constitution. Washington v. Texas (1967),388 U.S. 14, 87 S.Ct. 1920. However, that right is limited. Taylor v.Illinois (1987), 484 U.S. 400, 108 S.Ct. 646:
 "The adversary process could not function effectively without adherence to the rules of procedure that governs the orderly presentation of facts and arguments to provide each party with an opportunity to assemble and submit evidence to contradict or explain the opponent's case." Id., at 411.
 For instance, if the prospective witness' testimony is irrelevant under the Rules of Evidence, then the accused does not have the right to compel that witness to testify.
A trial court has broad discretion in the admission or exclusion of evidence, and so long as such discretion is exercised in line with the rules of procedure and evidence, its judgment will not be reversed absent a clear showing of an abuse of discretion with attendant material prejudice. Rigby v. Lake Cty. (1991), 58 Ohio St.3d 269, 271. In addition, absent an abuse of discretion, a trial court's decision to quash a subpoena will not be overturned. Petro v. N. Coast Villas Ltd. (2000), 136 Ohio App.3d 93, 96. An abuse of discretion constitutes more than an error of law or judgment, it implies the trial court acted unreasonably, arbitrarily, or unconscionably. State v. Adams (1980),62 Ohio St.2d 151, 157. Consequently, we may not substitute our judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb
(1989), 44 Ohio St.3d 128, 131. We cannot independently review the weight of the evidence, rather, this court must be guided by the presumption the trial court's findings are correct. Miller v. Miller (1988),37 Ohio St.3d 71, 74.
Glasure argues the trial court abused its discretion, thereby violating his due process rights, by quashing the subpoenas in question. However, the record fails to demonstrate an abuse of discretion.
The first subpoena quashed was Martin's. In 1972, either Martin, while he was in private practice, or someone else in his firm, drafted the deed for the present owners of the property which Glasure claims he was on at the time of his arrest. Glasure intended to call Martin to testify as to the boundary lines set forth in the deed drafted by Martin. The trial court quashed this subpoena, noting that preparing a deed does not necessarily impute knowledge to the preparing attorney of the actual location of the boundary lines of the property. We agree. The trial court allowed a surveyor, who surveyed the property in question, to testify as to the actual boundaries. Therefore, the trial court did not abuse its discretion when quashing Martin's subpoena.
The trial court quashed the other three subpoenas for essentially the same reason. As none of these people were present on August 5, 1993, they could not offer relevant testimony. Glasure argues their testimony is relevant for two reasons: 1) their testimony would go to show the motive behind his arrest, and; 2) their testimony would establish the extent of Glasure's previous access to the property. Both these arguments are groundless, and the trial court did not abuse its discretion in quashing those subpoenas.
Glasure's claim that the township trustees were biased against him is irrelevant to a defense of selective prosecution. A key to any selective prosecution defense is showing the prosecution is biased against the accused. State v. Flynt (1980), 63 Ohio St.2d 132. In the present case Glasure simply does not make this claim. Instead, he attempts to show the owner of the property upon which he trespassed is biased against him. The kind of information Glasure claims he would have elicited from Smiley, Cline and Walters regarding trustee bias against him would be irrelevant to a defense of selective prosecution.
Glasure's second argument for calling Cline and Smiley is that they would testify as to Glasure's ability to come and go on the property as he wished. This is clearly an attempt to relitigate issues decided against Glasure in a previous civil case, in which Glasure attempted to prove he had an easement to the property on which he was later arrested. The Carroll County Court of Common Pleas found he did not have an easement, in the case styled Walters, et al. v. Glasure, et al., Case No. 19865. This court upheld that decision in Walters v. Glasure (August 22, 1994), Carroll App. No. 626, unreported. This issue is res judicata
and the trial court need not hear evidence on this issue.
In conclusion, the trial court did not abuse its discretion by quashing the subpoenas in question because the prospective witnesses did not have personal knowledge of the August 5, 1993 events and did not have any relevant evidence on any other issue before the trial court. Therefore, Glasure's sole assignment of error is meritless and the decision of the trial court is affirmed.
VUKOVICH, P.J. and DONOFRIO, J., Concurs.