JOURNAL ENTRY AND OPINION
This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1. Defendant-appellant Talbert Jennings (defendant) appeals from the judgment of the Shaker Heights Municipal Court which, after a bench trial, found him guilty of violating a traffic ordinance and ordered him to pay a fine and court costs. For the reasons set forth below, we affirm the judgment of the trial court.
On Wednesday, May 16, 2001, at approximately 3:11 p.m., defendant was traveling southbound on Lomond Boulevard in the City of Shaker Heights. He came to a stop at Lylte Road and proceeded to make a left hand turn, in contravention of the sign which prohibited left turns from 3:00-6:00 p.m. He was pulled over by a Shaker Heights police officer and cited.
The defendant was cited for an illegal left turn in violation of Section 1131.10(d) of the Codified Ordinance of Shaker Heights. He pleaded not guilty to the offense. Shortly thereafter, defendant filed a motion to dismiss the case against him, alleging that the traffic sign was vague, did not provide a clear and understandable instruction to the driver, and that it was devoid of uniformity with other similar traffic signs posted in Shaker contrary to R.C. 4511.09. The court denied the motion to dismiss.
Trial was scheduled for July 30, 2001 and on July 20, 2001, the defendant served a subpoena upon a Shaker Heights City Councilperson. On July 24, 2001, appellee City of Shaker Heights filed a motion to quash the subpoena, which was granted on July 26, 2001. The matter proceeded to a bench trial on July 30, 2001 and the defendant was found guilty of making an illegal left turn. He was required to pay a $20 fine and court costs. It is from this ruling that the defendant now appeals, asserting two assignments of error for our review.
I. The trial court erred in finding the defendant-appellant guilty for making an improper left turn in violation of Shaker Heights Codified Ordinance 1131.10 (d), in that his conviction was unlawful because the `no left turn' sign was not an official sign in compliance with the Ohio Manual for Uniform Traffic Control Devices (OMUTCD).
The defendant contends that the no left turn sign in Shaker Heights does not conform to the Ohio Manual for Uniform Traffic Control Devices (OMUTCD). Specifically, he avers that the sign was not uniform with other similar signs posted in Shaker Heights, since other signs contained day of the week restrictions in addition to the time of day restriction found on the sign in question. The defendant further argues that because the OMUTCD states that wording and lettering are to be uniform in design, that the content of such working and lettering must also be uniform. We disagree.
Pursuant to R.C. 4511.09, the Ohio Department of Transportation must adopt a manual and specifications for a uniform system of traffic control devices. This manual is the OMUTCD. R.C. 4511.11 establishes that all traffic control devices erected on a public road, street, or alley, shall conform to the state manual and specifications.
The OMUTCD provides that no left turn signs must be uniform in design only.[1] The OMUTCD does not state that time restrictions on each sign must be uniform. In fact, Section 2J-9 of the OMUTCD specifically states When the movement restriction applies during certain periods only, the use of Turn Prohibition signs calls for special treatment * * * (b)Permanently mounted signs incorporating a supplementary legend showing the hours during which the prohibition is applicable. (Emphasis added.) This wording implies that certain periods during which no left turn restrictions are enforced would be different from sign to sign. We therefore reject the defendant's contention and overrule this assignment of error.
II. The trial court erred to the prejudice of the defendant-appellant by denying him a fair and impartial trial when the court, on motion of the assistant prosecutor, quashed defendant-appellant's subpoena to produce a material witness to testify concerning relevant and pertinent maters (sic) as to the uniformity of the `no left turn' sign upon which his conviction is based upon (sic).
The defendant avers that the trial court denied him a fair and impartial trial in granting the prosecution's motion to quash the defendant's subpoena to produce a witness. We disagree.
The right of a criminal defendant to present witnesses on his behalf in order to establish a defense is a fundamental element of due process of law. Taylor v. Illinois (1988), 484 U.S. 400, 108 S.Ct. 646; Lakewood v. Papadelis (1987), 32 Ohio St.3d 1, 511 N.E.2d 1138. Trial courts may exclude irrelevant or cumulative evidence. State v. Johnson (Dec. 26, 1995), Ross App. No. 94 CA 2004 citing City of Toledo v. Carpenter (Dec. 14, 1990), Lucas App. No. L-90-022.
A trial court's decision to grant a party's motion to quash a subpoena will not be reversed absent an abuse of discretion, unless the decision involves a specific construction of law. Petro v. North Coast Villas Ltd. (2000), 136 Ohio App.3d 93. An abuse of discretion connotes more than an error of law or judgment; it implies that the attitude of the court is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
In his motion in opposition to the motion to quash and his appellate brief, the defendant stated that he wished to subpoena the Councilperson so that he could testify as to whether the sign in question was uniform in wording and format as mandated by OMUTCD. Further, the defendant stated that the Councilperson would testify as to the reason the sign was posted, and the reason why the sign had been changed after the defendant talked to city council.
In this case, the trial court did not abuse its discretion in granting the motion to quash the subpoena of Councilperson Parker. Parker's testimony would have been irrelevant and cumulative in the case at hand. The defendant expected to have Parker testify as to the contents of the sign in question. However, the defendant's proffer of pictures of the sign would have rendered testimony for this purpose cumulative.
Parker's additional testimony would have been irrelevant. The issue in this case was whether the sign in question was legal. If the sign was found to be not in conformity with the OMUTCD, it would have been illegal and the defendant could not be held criminally liable. Parker's testimony regarding the purpose behind the no left turn restriction and his testimony regarding the reason behind city council's decision to change the sign at that intersection would have had no bearing on whether the sign conformed to the OMUTCD. Therefore, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Shaker Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., AND TERRENCE O'DONNELL, J., CONCUR.
[1] The defendant does not dispute that the sign in question conformed to the OMUTCD in design.