JOURNAL ENTRY AND OPINION
{¶ 1} Ministerial Day Care Association ("MDCA") is a non-profit corporation which provides educational day care services for children of low-income families and is a "Head Start" program. In June 2002, respondent, Auditor of the State of Ohio ("Auditor"), issued a Report of Independent Accountants to the Superintendent of Public Instruction of the Ohio Department of Education ("Superintendent"). As requested by the Superintendent, a special audit was performed to determine the eligibility of MDCA Head Start students during the 1997-1998 program year. The Auditor issued a Finding for Recovery in excess of four million dollars which included: funds paid for more children than MDCA could document as having been in the program; funds paid to MDCA in excess of the amount paid to private providers; and funds for computer equipment and furniture. In October 2002, the Auditor issued a subpoena to Verneda Bentley ("Bentley"), the executive director of MDCA. The subpoena sought records for the program period from 1998 to 2001.
 {¶ 2} In Case No. 81762, MDCA requests that this court issue a writ of mandamus compelling the Auditor "to decertify, vacate and/or otherwise withdraw the Special Audit which was certified by Respondent on June 13, 2002." Complaint, Case No. 81762, ad damnum clause. In Case No. 81895, Bentley challenges the authority of the auditor to issue a subpoena because the mandamus action is pending.
 {¶ 3} This court consolidated these actions, under Civ.R. 42, and granted the Auditor leave to respond to the applications for alternative writ filed in both cases. Respondent moved to dismiss both actions. For the reasons stated below, we deny the motions for alternative writ and grant respondent's motions to dismiss in Case Nos. 81762 and 81895.
 {¶ 4} The criteria for the issuance of a writ of prohibition are well-established.
 {¶ 5} "In order to be entitled to a writ of prohibition, [relator] had to establish that (1) the [respondent] is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to [relator] for which no other adequate remedy in the ordinary course of law exists.State ex rel. White v. Junkin (1997), 80 Ohio St.3d 335, 336,686 N.E.2d 267, 268." State ex rel. Wright v. Ohio Bur. of MotorVehicles, 87 Ohio St.3d 184, 185, 1999-Ohio-1041, 718 N.E.2d 908.
 {¶ 6} In Wright, supra, the Supreme Court affirmed this court's judgment in State ex rel. Wright v. Registrar, Bur. of Motor Vehicles
(Apr. 29, 1999), Cuyahoga App. No. 76044.
 {¶ 7} "A two-part test must be employed by this Court in order to determine whether a writ of prohibition should be issued. State ex rel.East Mfg. Corp. v. Ohio Civ. Rights Comm. (1992), 63 Ohio St.3d 179;Dayton Metro. Hous. Auth. v. Dayton Human Relations Council (1992),81 Ohio App.3d 436. Initially, we must determine whether the respondent patently and unambiguously lacks jurisdiction to proceed. The second step involves the determination of whether the relator possesses an adequate remedy at law. State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.
(1990), 55 Ohio St.3d 98." Case No. 76044 at 3.
 {¶ 8} In State ex rel. Uguru v. Palaibis, Cuyahoga App. No. 81061, 2002-Ohio-2264, the relators, Unimicro, Inc. — which provides computers, computer software and supplies — and its president, Benedict Uguru, sought relief in prohibition against two Deputy Auditors for the State of Ohio to prevent the enforcement of a subpoena. The subpoena requested documents pertaining to a contract between Unimicro and MDCA.
 {¶ 9} "In Jim Petro, Auditor of State v. North Coast VillasLimited, et al. (2000), 136 Ohio App.3d 93, 735 N.E.2d 985, the State Auditor appealed a lower court ruling which quashed the subpoenas issued to a private, third-party entity which did not directly receive money from a public agency. In reversing the decision, the court held,
 {¶ 10} "* * * On its face, R.C. [117.10] requires the State Auditor to audit public agencies and grants him discretionary authority to audit those private entities receiving public monies. Similarly, R.C. [117.18] facially grants the State Auditor the power to subpoena documents when conducting one of the audits set forth in R.C. [117.10] or O.A.C. [117-10-02(A)]. Nowhere in the language of R.C. 117.10 nor any other statutory provision is a rule found that prevents the State Auditor from seeking documents in the possession of private, third-party entities. Accordingly, this court concludes that R.C. 117.18 vests the State Auditor with the power to subpoena documents from private, third-party individuals when performing an audit.
 {¶ 11} "In light of Petro v. North Coast Villas Limited, supra, we find that relators failed to demonstrate that respondents patently and unambiguously lacked the authority to issue the subpoenas.
 {¶ 12} "Additionally, we also find that relators have an adequate remedy at law. As noted in respondents' motion to dismiss, respondents must apply to the court of common pleas to enforce the subpoenas. R.C.117.18. If they choose to do so, relators may file a motion to quash or move for a protective order." Uguru, supra, at ¶ 8-11.
 {¶ 13} Despite Bentley's efforts to distinguish or discreditUguru, Uguru correctly sets forth the controlling provisions of the Revised Code. The inescapable conclusion is that, if the Auditor did not patently and unambiguously lack the authority to subpoena a third party regarding the MDCA transactions, the Auditor has no less authority with respect to the ability to subpoena records from the executive director of MDCA.
 {¶ 14} As a consequence, we grant respondent's motion to dismiss the claim in prohibition filed on behalf of Bentley as the complaint in Case No. 81895.
 {¶ 15} In the complaint filed in Case No. 81762, MDCA requests that this court issue a writ of mandamus compelling respondent "to decertify, vacate and/or otherwise withdraw the Special Audit."
 {¶ 16} The fundamental criteria for issuing a writ of mandamus are also well-established:
 {¶ 17} "In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State, ex rel. National City Bank v. Bd. of Education
(1977), 52 Ohio St.2d 81, 369 N.E.2d 1200." State ex rel. Harris v.Rhodes (1978), 54 Ohio St.2d 41, 42, 374 N.E.2d 641. Of course, all three of these requirements must be met in order for mandamus to lie.
 {¶ 18} As stated in N. Coast Villas, supra, and quoted by this court in Uguru, supra, R.C. 117.10 authorizes the Auditor to "audit the accounts of private institutions, associations, boards, and corporations receiving public money for their use." R.C. 117.01(G) defines "audit" as including:
 {¶ 19} "(2) Any examination, analysis, or inspection of records, documents, books, or any other evidence relating to either of the following: (a) The collection, receipt, accounting, use, or expenditure of public money by a public office or by a private institution, association, board, or corporation * * *."
 {¶ 20} MDCA complains that the Auditor did not have the authority to conduct the "special audit" of MDCA. Yet, Ohio Adm. Code 117-1-01
provides, in part:
 {¶ 21} "As used in Chapter 117 of the Revised Code and in Title 117. of the Administrative Code:
 {¶ 22} "(A) `Audit' means an examination of financial statements, books, documents, records, and other evidence relating to the obligation, receipt, expenditure, or use of public money. An audit includes, but is not limited to, a special audit, * * *." (Emphasis added.)
 {¶ 23} In light of this definition, we cannot conclude that the mere fact that the Auditor conducted a "special audit" relating to the expenditure of funds by a private institution provides a sufficient basis for relief in mandamus.
 {¶ 24} Nevertheless, MDCA argues that mandamus is appropriate to compel the Auditor to decertify the report of independent accountants as manifesting the auditor's abuse of discretion or disregard of the law. In support of this argument, MDCA cites case law pertaining to boards of elections and the State Employment Relations Board ("SERB"). We agree with the Auditor that the authorities cited by MDCA do not establish either a clear legal right to relief for MDCA or a clear legal duty for the Auditor to decertify the report. Absent controlling case law or a statutory requirement, any right to relief or duty to act is necessarily less than clear.
 {¶ 25} We also reject MDCA's argument that the elections and SERB cases require that we grant relief in this action because the Auditor has abused his discretion and disregarded the law. As discussed above, the Revised Code and Administrative Code authorize the Auditor to investigate and report on the expenditure of public funds. See, also, R.C. 117.24 and R.C. 117.25. We cannot conclude that a dispute about the facts and the conclusions drawn from those facts necessarily requires relief in mandamus to decertify a statutorily authorized report. MDCA has not, therefore, demonstrated either a clear legal right to relief or clear legal duty on the part of the Auditor to decertify the report.
 {¶ 26} We also hold that MDCA has an adequate remedy in the ordinary course of the law. R.C. 117.28 authorizes a civil action to recover any money that has been illegally expended. MDCA has not demonstrated why it would not be able to challenge the factual bases and conclusions reached by the Auditor through such a proceeding. Relief in mandamus would not, therefore, be appropriate.
 {¶ 27} Accordingly, we grant the Auditor's motions to dismiss. MDCA and Bentley to share the costs equally. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
PATRICIA A. BLACKMON, J., and ANTHONY O. CALABRESE, JR., J., CONCUR.