JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant Darryl Mercer appeals his convictions for felonious assault and kidnapping. We find no merit to the appeal and affirm.
 {¶ 2} Mercer was charged in a two-count indictment with felonious assault with a firearm specification, and kidnapping. A jury trial commenced on September 3, 2002. On September 5, Mercer failed to appear for trial, and the case proceeded without him. The following evidence was presented.
 {¶ 3} The victim and Mercer had a prior relationship and had a child together. According to the victim, on April 5, 2002, at approximately 7:00 p.m., she was preparing to attend a function at business school with her boyfriend. The victim planned to take her young son to the babysitter's house first. As she stood by the vehicle in which her boyfriend sat with her son, she saw Mercer jogging down the street with a gun in his hand. As he approached the car, he pointed the gun at the boyfriend and asked the victim, "Who is that nigger with my son?" The victim grabbed the baby from her boyfriend and Mercer told him to leave. The boyfriend drove away. Mercer then stuck a gun into the victim's side and ordered her to come with him. The victim observed that the gun was a black automatic weapon, which required bullets to be loaded through a clip.
 {¶ 4} Mercer then tried to get the victim and the baby into his car. The victim, attempting to stall for time, told Mercer they could go to her house to talk. Mercer threatened to kill her if she was "playing" with him. Prior to entering the home, the victim agreed to go to his car. At that point, Mercer put the gun to the victim's head and threatened to kill her. The baby began to cry, so Mercer pulled the victim to his car. Just before they reached his vehicle, a Lakewood police car drove past them. The victim, holding her son, ran toward the police car and Mercer ran between neighboring houses. The victim ran toward Madison Avenue, where her boyfriend picked her up.
 {¶ 5} While in the car, the victim spoke with Lakewood dispatchers until an officer came to her location. The police eventually located and arrested Mercer in Madison Park.
 {¶ 6} The boyfriend corroborated the victim's testimony, but added that when he drove away, he contacted Lakewood police on his cell phone.
 {¶ 7} Officer Tindira testified that he received a police dispatch regarding a man holding a woman at gunpoint. On his way to the scene, he observed a man fitting Mercer's description in Madison Park. The officer called other officers, and Mercer was arrested. No gun was found on Mercer's person.
 {¶ 8} Officer O'Brock testified that once Mercer was apprehended, the officer searched for the gun and found it one house away from the spot where Mercer was last seen, and one block from the victim's house. According to O'Brock, the weapon was a black .380 semi-automatic, which had some dirt and mud on it as well as some fresh scrapes. The officer could not clear the weapon at the scene because it was jammed. The gun was, therefore, taken to a firing range where it was cleared. One live round was in the chamber and the bottom plat and spring of the magazine was missing.
 {¶ 9} O'Brock testified that the weapon could have been damaged when it was thrown to the ground and that the weapon was operable as found, but it was dangerous to test fire because of its condition.
 {¶ 10} The jury found Mercer guilty as charged. The trial court sentenced him to five years for felonious assault with an additional mandatory three years for the firearm specification. He was sentenced to five years for kidnapping, to run concurrent with the felonious assault count.
 {¶ 11} Mercer raises three assignments of error.
 Jury Unanimity {¶ 12} In his first assignment of error, Mercer argues that the trial court erred by not instructing the jury that it must unanimously agree as to which section of the kidnapping charge applied if it found Mercer guilty of kidnapping.
 {¶ 13} We initially note that no objections were made regarding the jury instructions. "Failure to object to a jury instruction constitutes a waiver and any claim of error relative thereto, unless, but for the error, the outcome of the trial clearly would have been otherwise." State v. Underwood (1983), 3 Ohio St.3d 12, syllabus. InState v. Williford (1990), 49 Ohio St.3d 247, 251, the Supreme Court found that "we have repeatedly held that a failure to object before the jury retires in accordance with the second paragraph of Crim.R. 30(A), absent plain error, constitutes a waiver."
 {¶ 14} Mercer has failed to show that the jury instructions constitute plain error.
 {¶ 15} Mercer's indictment for kidnapping stated: "The Grand Jurors, on their oaths, further find that the Defendant(s), unlawfully, and by force, threat or deception removed [the victim] from the place where she was found or restrained her of her liberty for the purpose of facilitating the commission of a felony or the flight thereafter and/or terrorizing or inflicting serious physical harm on [victim]."
 {¶ 16} Therefore, Mercer was indicted under several different sections constituting kidnapping. Mercer claims the trial court should have instructed the jury that it must unanimously find that Mercer was guilty of one of the sections before finding Mercer guilty of kidnapping. Instead, the trial court gave the jury a general unanimity instruction.
 {¶ 17} The prevailing rule in Ohio is that a general unanimity instruction, such as the one given in this case, will ensure that the jury is unanimous on the factual basis for a conviction even where the indictment alleges numerous factual bases for liability. State v.Johnson (1989), 46 Ohio St.3d 96, 105. Moreover, it is presumed that "`when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive * * * the verdict stands if the evidence is sufficient with respect to any one of the acts charged.'" Id., quotingTurner v. United States (1970), 396 U.S. 398, 420, 24 L.Ed.2d 610,90 S.Ct. 642.
 {¶ 18} In the instant case, the evidence was sufficient to find Mercer guilty of kidnapping under any of the sections. It is inconceivable based on the facts of this case that the jury would find Mercer not guilty of any of the sections. The evidence indicated that Mercer stuck a gun in the victim's side while she held their child, threatened to kill her, and then attempted to force her into his car. After she convinced him to take her to her house to talk, he placed a gun to her head and threatened to kill her.
 {¶ 19} We, therefore, find no plain error because the outcome of the trial would not have been different if the jury had been instructed differently.
 {¶ 20} Mercer's first assignment of error is overruled.
 Ineffective Assistance of Counsel {¶ 21} In his second assignment of error, Mercer argues that his counsel was ineffective for failing to object to the trial court's general unanimity instruction on the kidnapping charge and by failing to request a verdict form setting forth the various sections of kidnapping on which Mercer was indicted.
 {¶ 22} This court reviews a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley
(1989), 42 Ohio St.3d 13. Pursuant to Strickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance. Bradley, 42 Ohio St.3d 136, at paragraph one of the syllabus. To show such prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different. Id. at paragraph two of the syllabus. Judicial scrutiny of a lawyer's performance must be highly deferential. State v. Sallie (1998), 81 Ohio St.3d 673, 674.
 {¶ 23} Because we found no merit in the first assignment of error, we therefore conclude that Mercer's attorney's representation did not fall below an objective standard of representation.
 {¶ 24} Mercer's second assignment of error is overruled.
 Insufficiency of Evidence {¶ 25} In his third assignment of error, Mercer argues that the evidence was insufficient to support the jury's finding him guilty of the firearm specification because there was no evidence the weapon was operable.
 {¶ 26} The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus: "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." See, also, Statev. Apanovitch (1987), 33 Ohio St.3d 19, 23; State v. Davis (1988),49 Ohio App.3d 109, 113. Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, in which the Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560, followed.)"
 {¶ 27} In the instant case, Officer O'Brock testified that when he found the weapon, the slide was jammed with one live round in the chamber. According to the officer, the weapon was operable as found, but he could not test fire it in that condition because it was dangerous. This evidence was sufficient to find that the gun was operable.
 {¶ 28} The victim also testified that Mercer pointed the weapon at her head and threatened to shoot her. Pursuant to State v. Thompkins
(1997), 78 Ohio St.3d 380, when a person brandishes a firearm and threatens to shoot, the threat can be sufficient to satisfy the State's burden of proving that the firearm was operable or capable of being operated.
 {¶ 29} Mercer's third assignment is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. and SEAN C. GALLAGHER, J. concur.