Decision and Journal Entry
{¶ 1} Appellants, Daniel P. Leite and Keith Brooks appeal from a judgment entry from the Summit County Court of Common Pleas which determined not to invalidate entire part-petitions when one signature on each part-petition was invalid. We reverse.
 I. {¶ 2} The status of seven part-petitions circulated in Summit County as part of a statewide initiative drive for the "Ohio Prescription Drug Fair Pricing Act" is at issue in this case. The part-petitions in question are identified with Bates Nos. 2879, 2921, 2824, 2988, 2990, 2983, and 2911. On January 28, 2003, the Summit County Board of Elections ("the Board") certified a total of 187 part-petitions; the part-petitions contained 4,423 signatures which the Board certified as sufficient and 689 signatures deemed insufficient. The Board did not consider any part-petitions to be improperly verified and forwarded all petitions to the Secretary of State for Ohio.
 {¶ 3} Pursuant to R.C. 3519.16, Appellants filed a protest with the Board to challenge the Board's acceptance of the petitions. Also pursuant to R.C. 3519.16, the Board, within three days, presented the petitions to the Court of Common Pleas for a determination on the validity of the petitions. The trial court permitted the Appellants and the Appellees[1] to intervene. The Summit County Court of Common Pleas heard testimony from circulators and signatories of the part-petitions. Testimony revealed that the circulators did not witness each and every signature being affixed, and that some signatories signed their own name and also the name of their spouse. Appellants argued that these findings required that the part-petitions be stricken in toto.
 {¶ 4} The trial court disagreed, and held that the part-petitions were not wholly invalid "since it appears that the circulator did not intentionally or knowingly [permit] those signatures signed by another person; that is, the spouse of the person signing both names." The court ordered one signature on each part-petition at issue to be stricken. Appellants timely appealed, raising one assignment of error.
 II. Assignment of Error
"The Trial Court Erred As A Matter Of Law By Failing To Invalidate, In Their Entirety, Seven Part-petitions For A Statewide Initiative Where It Is Undisputed That On Each Part-petition One Person Signed His Or Her Name As Well As The Name Of Another Person Living At The Same Address. * * *"
 {¶ 5} Appellants argue that Ohio requires strict compliance with the applicable election statues unless a statute expressly states otherwise. Appellants claim that the part-petitions should have been invalidated in their entirety because, on some part-petitions, one person signed someone else's signature, and because the circulators did not witness all signatures as they attested on the part-petitions. Appellant claims that the petitions, therefore, are not in compliance with R.C.3519.05 and R.C. 3519.06 Appellees counter that R.C. 3501.38 does not require that, in these circumstances, the part-petitions be wholly stricken.
 {¶ 6} When a statute's language is plain and unambiguous, this Court applies the statute as written and makes no further inquiry either into the legislative intent or the consequences of the trial court's construction. State v. Hurd (2000), 89 Ohio St.3d 616, 618. The words and phrases in a statute are to be given their plain, ordinary meaning and are to be construed "according to the rules of grammar and common usage."Petro v. North Coast Villas Ltd. (2000), 136 Ohio App.3d 93, 97. "The settled rule is that election laws are mandatory and require strict compliance and that substantial compliance is acceptable only when an election provision expressly states that it is." State ex rel Vickers v.Summit Cty. Council, 97 Ohio St.3d 204, 2002-Ohio-5583, at ¶ 32, quoting State ex rel. Commt. for the Referendum of Lorain Ordinance No.77-01, 96 Ohio St.3d 308, 2002-Ohio-4194, at ¶ 49.
 {¶ 7} We begin our discussion on the applicability of R.C. 3501.38. The statute itself states to which electoral petitions it applies:
"All declarations of candidacy, nominating petitions, or other petitions * * * filed * * * for the purpose of becoming a candidate for any nomination or office of for the holding of an election on any issue * * *"
 {¶ 8} The petitions involved in this case were not for declaration of candidacy, for nominating a candidate, or for the holding of an election (a referendum petition). The petitions in this case are initiative petitions submitted to present a bill to the Ohio General Assembly. Therefore, R.C. 3501.38 is inapplicable to the case at bar.
 {¶ 9} R.C. 3519.15 codifies the duties of the Board of Elections in reviewing initiative petitions:
"The [board] shall proceed at once to ascertain whether each part-petition is properly verified, and whether the names on each part-petition are on the registration lists of such county, or whether the persons whose names appear on each part-petition are eligible to vote in such county, and to determine any repetition or duplication of signatures, the number of illegal signatures, and the omission of any necessary details required by law. The boards shall make note opposite such signatures and submit a report to the secretary of state indicating the sufficiency or insufficiency of such signatures and indicating whether or not each part-petition is properly verified, eliminating, for the purpose of such report, all signatures on any part-petition that are not properly verified."
 {¶ 10} Therefore, the Board, when reviewing part-petitions, must ascertain two things: whether the part-petition is properly verified and whether the signatures are sufficient or insufficient; that is, whether the signer is registered to vote, lives at the address provided, etc. The disposition of the petitions after review by the board is governed by R.C. 3519.16, which states:
"The signatures which are adjudged sufficient or the part-petitions which are adjudged properly verified shall be included with the others by the board, and those found insufficient and all those part-petitions which are adjudged not properly verified shall not be included."
 {¶ 11} Therefore, by the plain language of R.C. 3519.16, an insufficient signature only is merely stricken from the part-petition; however, an entire part-petition is discarded when the part-petition is not properly verified.
 {¶ 12} "Proper verification" is defined by R.C. 3519.06, which states:
"No initiative or referendum part-petition is properly verified if it appears on the face thereof, or is made to appear by satisfactory evidence:
"(A) That the statement required by section 3519.05 of the Revised Code is not properly filled out;
"(B) That the statement is not properly signed;
"(C) That the statement is altered by erasure, interlineation, or otherwise;
"(D) That the statement is false in any respect;
"(E) That any one person has affixed more than one signature thereto."
 {¶ 13} The parties do not contest that some signers affixed more than one signature on the part-petitions; therefore, the part-petitions are not properly verified by the plain language of R.C. 3519.06. Under R.C. 3519.16, the Board may not present the part-petitions to the Secretary of State because they are not properly verified.
 {¶ 14} Because our disposition on the issue of proper verification of the part-petitions is dispositive, we do not reach the issues of the sufficiency of the signatures or the adequacy of the circulator's statement.
 {¶ 15} Appellants' assignment of error is sustained.
 III. {¶ 16} Appellants' assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded.
Judgment reversed, and cause remanded.
SLABY, P. J., WHITMORE, J. CONCUR.
[1] Appellees are William Burga, Athena Godet-Calogeras, Dale Miller, Robert Hagan, and the Ohio Coalition for Affordable Prescription Drugs.